COUNTY OF OAKLAND *v.* CENTRAL WEST CASUALTY CO.

ON MOTION FOR REHEARING.

1. DEPOSITARIES—PRO RATA CLAUSE OF BOND.
    The *pro rata* clause of a public fund depository bond merely sets a maximum amount payable by the surety.

2. SAME—PRO TANTO SUBROGATION CLAUSE—STATUTES.
    The *pro tanto* subrogation clause of a public fund depository bond does not fix a maximum amount of liability but undertakes to require county to surrender certain rights against principal and, being in contravention of statute intending that bond shall be security in addition to liability of principal, is void (1 Comp. Laws 1929, §§ 1193–1202).

Appeal from Oakland; Dehnke (Herman), J., presiding. Submitted January 10, 1934. (Docket No. 126, Calendar No. 37,600.) Decided April 3, 1934. Motion for rehearing submitted April 21, 1934. Decided July 2, 1934.

Assumpsit by County of Oakland and John C. Spaulding and Irvin Long, receivers, against Central West Casualty Company, a Michigan corporation, on a depository bond. Judgment for plaintiffs. Defendant appeals. Modified and affirmed (266 Mich. 438). Rehearing denied.

*Arthur P. Bogue,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney, for plaintiff county.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff receivers.

*Beaumont, Smith & Harris,* for defendant.

*Stevens T. Mason, Payne & Payne* and *Lightner, Hanley, Crawford, Sweeny & Dodd, amici curiæ.*

### ON MOTION FOR REHEARING.

PER CURIAM. We think that the correct conclusion was reached in our former opinion in this case, reported in 266 Mich. 438.

Defendant in its brief on application for rehearing again contends that this case cannot be distinguished from *Lawrence* v. *American Surety Co.,* 263 Mich. 586 (88 A. L. R. 535). In the *Lawrence Case* we upheld a clause in a bond securing State deposits which limited the amount of the surety's liability to a *pro rata* fraction of the total loss. The instant case involves the validity of a clause in a county depository bond providing for *pro tanto* subrogation of the surety to any dividends or payments received from the principal.

The cases involve different statutes, but there is a more vital distinction than this. The *Lawrence Case* was a limitation on the *amount* of the surety's

liability; the provision here in question is a *condition* on the liability, a limitation as to the character or accrual of liability. The *pro rata* clause merely sets a maximum amount payable by the surety, an indeterminate amount, to be sure, but one easily capable of ascertainment when the amount of the loss is known. If the public officials require sufficient bonds, the public will be completely protected, barring insolvency of a surety; and to offset such possible insolvency, there is still the possibility of recovery from the principal. The *pro tanto* subrogation clause, on the other hand, does not fix a maximum amount of liability but undertakes as a condition to payment by the surety (or, as the appellant prefers to state it, in return or consideration for such payment) to require the county to give up certain of its rights against the principal. The extent of dividends paid by the principal need not be known at the time of the payment of the bond, nor, indeed, whether such dividends will ever be paid to any extent. Thus the *pro tanto* clause is not a limitation on the amount of the surety's liability but a qualification of the duty of the surety to pay and of the nature of the protection received by the public. The statute intends the depository bond to furnish security *in addition to* the liability of the principal. The *pro tanto* subrogation clause, if enforced, would contravene the statute by giving up to the surety a part of this liability of the principal and thus changing the nature of the security required by the statute.