## WHITMAN v. TOWNSHIP OF ROYAL OAK.

1. TOWNSHIPS—STATUTES—SPECIAL ASSESSMENTS—GENERAL FUND.
    Statute requiring township to advance amount necessary to pay interest and principal of special assessment bonds for sewer and water improvements out of its general fund and reimburse itself from special assessments when collected *held*, constitutional (Act No. 116, § 3, Pub. Acts 1923, as amended by Act No. 58, Pub. Acts 1927).

2. SAME—SEWER AND WATER IMPROVEMENTS—GENERAL FUND—RELEASE.
    Township, pledging its general credit on bonds for sewer and water improvements and later required by statute to advance amounts necessary to pay bonds out of its general fund in case collections were insufficient prior to maturity and reimburse itself from later collections, was not released from its liability by subsequent amendatory act applicable only to later bond issues (Act No. 116, § 3, Pub. Acts 1923, as amended by Act No. 263, Pub. Acts 1925, Act No. 58, Pub. Acts 1927, and Act No. 24, Pub. Acts 1934; Act No. 25, § 4a, Pub. Acts 1931).

3. MUNICIPAL CORPORATIONS—EQUITY—MANDAMUS.
    Equity is only forum which may give relief to bondholders against township by way of accounting as to special assessments collected and priority of payment of their bonds over surety company hence mandamus was not proper remedy.

4. SUBROGATION—SURETY OF MUNICIPAL BOND.
    Surety on special assessment bond issue is not entitled to participate in dividends until bondholders are paid in full despite subrogation clause in its guaranty.

5. COSTS—PUBLIC QUESTION.
    No costs are assessed in suit in equity in which public question is involved.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 19, 1934. (Docket No. 95, Calendar No. 37,893.) Decided October 23, 1934.

Bill by Charles F. Whitman and others against Township of Royal Oak, County of Oakland, municipal corporations, Hazen Race, township treasurer, Albert Willson, county treasurer, Seymour D. Adams, Robert V. Moore and W. H. Morley, county auditors, and Detroit Fidelity & Surety Company, a Michigan corporation, for payments due on special assessment bonds and other relief. Cross-bill by defendant Detroit Fidelity & Surety Company against defendant township for payments of principal and interest on special assessments bonds. Decree for plaintiffs as to defendant township and surety company. Defendant Detroit Fidelity & Surety Company appeals. Reversed.

*Bulkley, Ledyard, Dickinson & Wright* (*Robert E. McKean* and *Robert W. Conder*, of counsel), for plaintiffs.

*Sherman McDonald* (*Arthur E. Moore*, of counsel), for defendant township and its treasurer.

*Arthur P. Bogue*, Prosecuting Attorney, and *Robert D. Heitsch*, Assistant Prosecuting Attorney, for defendant county and its treasurer and auditors.

*Friedman, Meyers & Keys* (*Sylvan Rapaport*, of counsel), for defendant Detroit Fidelity & Surety Company.

EDWARD M. SHARPE, J. In the month of October, 1926, the township of Royal Oak issued and sold its bonds for the purpose of paying for certain sewer and water improvements made in platted lands within the township as authorized by Act No. 116, Pub. Acts 1923, as amended by Act No. 263, Pub. Acts 1925. Section one of the act reads as follows:

"In any township where there are platted lands, the plats of which have been duly approved and re-

corded, lying outside of the boundaries of incorporated villages, the township board shall have authority to make improvements by grading, curbing, graveling or cinderizing streets, laying storm sewers to care for surface water in such streets and making extensions of water mains to provide water for fire protection and domestic uses in any such platted lands, and in unplatted lands contiguous thereto; to levy and collect special assessments to pay the cost thereof and to issue bonds in anticipation of the collection of said special assessments, subject to the terms and conditions hereinafter provided."

Act No. 116, Pub. Acts 1923, was further amended by Act No. 58, Pub. Acts 1927, section three of which reads in part as follows (1 Comp. Laws 1929, § 2387):

"If any such special assessment fund is insufficient to pay such bonds and interest thereon when due, the township board shall advance the amount necessary to pay such bonds, and shall be reimbursed from such assessments when collected, or by reassessment of the deficiency if necessary."

The above act was still further amended by Act No. 24, Pub. Acts 1934 (Ex. Sess.), providing that the township board *may* (instead of shall) advance the amount of the bonds from its general funds. The operation of this amendment is restricted to those bonds issued subsequent to April 21, 1927. This amendment became effective March 28, 1934.

Each of the bonds here in question was secured by a pledge of collections from a particular assessment roll and contains provisions of which the following is typical:

"Know all men by these presents, that the township of Royal Oak, county of Oakland, State of

Michigan, acknowledges itself to owe, and for value received promises to pay the bearer the sum of $1,000 lawful money of the United States on the 1st day of October, 1931, with interest thereon from the date hereof at the rate of six per cent. per annum, payable semiannually on the 1st day of April and the first day of October in each year on presentation and surrender of the annexed interest coupons as they severally become due. Both interest and principal are hereby made payable at the American State Bank of Detroit, Michigan, and for the prompt payment of this bond, both principal and interest, the collections from special assessment roll No. 11, together with the full faith and credit of the township of Royal Oak, are hereby irrevocably pledged.''

Each bond also contained a provision like the following except that the roll numbers differed:

''This bond is payable out of special sewer assessment roll No. 11 funds.''

On the back of each bond was indorsed the following:

''The prompt payment of the principal and interest on the within bond is guaranteed by the Detroit Fidelity & Surety Company of Detroit, Michigan, according to the terms of its bond issued in favor of the Guardian Trust Company of Detroit, Michigan, as trustee, for the benefit of the holder thereof.'' (Signed and sealed by agent of Detroit Fidelity & Surety Company.)

The surety bonds given by the Detroit Fidelity & Surety Company to the Guardian Trust Company, as trustee, each contained a condition as follows:

''The Detroit Fidelity & Surety Company shall not be liable hereunder for the payment of any of said bonds or of the interest coupons attached there-

to if the said bond issue is held by any court of competent jurisdiction to be illegal or void. Provided such order, judgment or decree is or shall become final and unappealable. Any payment by the surety to await the final judgment.''

The township of Royal Oak paid principal and interest on the bonds as they matured until October 1, 1929. Other payments were made by the Detroit Fidelity & Surety Company. Default was made in interest due April 1, 1931, and principal due October 1, 1931, on which date all the outstanding bonds became due. The township offered to pay only such moneys as had actually been collected from the special assessments. The owners of the outstanding bonds brought this suit seeking a decree against the general and special funds of the township and against the surety for the full amount due on the bonds. The surety brought a cross-bill claiming as to the bonds it had taken up when paying past defaults of the township the right to share *pro rata* with the bondholders in any payments made by the township, and asking for a decree against the township for the amount it had been or might be obliged to pay on its guaranty.

The lower court held that the plaintiffs were entitled to a decree directing *pro rata* distribution of all past and future collections of special assessments; that the township was not liable generally, but that the surety was liable for all delinquencies in principal and interest on the bonds; and that the surety was not entitled to share in payments until all the principal creditors had been paid.

The surety appealed, claiming that the township was liable on the bonds generally either under the provisions of the original statute and of the bonds themselves or by virtue of Act No. 58, Pub. Acts

1927, and that if the township was not so liable the surety was released from liability under the terms of its contract as to the illegality of the bond issue.

The township contends that, as no cross-bill was filed by the surety until after all the evidence was in and consequently no opportunity for defense afforded it, no decree can be rendered against the township in favor of the surety; that the suit was improperly brought in equity in the first place and should have been brought by mandamus if any decree against the general funds is to be given; but that the township originally had no power to issue sewer bonds on its general credit and that the act of 1927 cannot be retroactive.

The plaintiffs stand with the surety in its contention that the township is generally liable on the bonds, but argue that even although the township is not generally liable the surety is nevertheless bound on its guaranty, if, indeed, the question can be considered in this court at all, not having been raised below.

Under Act No. 58, Pub. Acts 1927, the township was required to advance the amount of money necessary to pay the bonds, and to reimburse itself from special assessments when collected, or by reassessment of the deficiency if necessary. Under the holdings of *Moore* v. *Harrison*, 224 Mich. 512, and *Regents of University of Michigan* v. *Pray,* 264 Mich. 693, this act is constitutional. Nor is the township relieved from this obligation by the effect of Act No. 24, Pub. Acts 1934 (Ex. Sess.). The act in terms applies only to bonds issued subsequent to April 21, 1927, whereas the bonds here in question were issued in 1926. Moreover, prior to the time Act No. 24 took effect the rights of the bondholders had become fixed and, on presentation of matured bonds, bond-

holders were entitled to payment out of the township's general fund. That this general liability of the township to pay was not released by Act No. 24, Pub. Acts 1934 (Ex. Sess.), see, also, Act No. 25, Pub. Acts 1931, § 4-a.

The township contends that the plaintiffs' suit should have been brought in mandamus and not in equity, but the bill of complaint filed in behalf of plaintiffs asked for an accounting of special assessments collected as well as an injunction against the surety company against presentation of bonds for payment by the township prior to payment of other special assessment bonds held by plaintiffs. The plaintiffs are entitled to this relief and only equity could afford it.

The lower court was correct in holding that, despite the subrogation clause in its guaranty, the surety company was not entitled to participate with the plaintiff bondholders in payments made by the several assessment districts. This court held in *Commissioner of Banking* v. *Chelsea Savings Bank,* 161 Mich. 691, and reaffirmed in *County of Oakland* v. *Central West Casualty Co.,* 266 Mich. 438 (affirmed on rehearing, 268 Mich. 117), that a surety is not entitled to participate in dividends until the creditor is paid in full. In the instant case the surety company would have no right of subrogation until the entire bond issue has been paid in full.

The other questions raised have been considered, but they are not material to the conclusion we have reached.

The decree of the lower court is reversed and the case remanded for dismissal of the cross-bill and entry of a decree for plaintiffs against the township

and the surety for the amount of the outstanding bonds. In as much as this is a public question, no costs will be assessed.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.