CITY OF HIGHLAND PARK v. DEARBORN TOWNSHIP.

1. CONSTITUTIONAL LAW—LEGISLATURE—LOCAL CONCERNS.
   Under authority of the Constitution, the power conferred upon organized townships as to local concerns by the legislature by general law may be subjected to limitations and conditions upon the exercise of the powers granted (Const. 1908, art. 8, § 17).

2. SAME—TOWNSHIPS—LEGISLATURE—SPECIAL ASSESSMENT BONDS.

Act permitting township to issue certain special assessment bonds upon condition that in case the special assessment fund is insufficient the township at large shall be liable for their payment is not a legislative attempt to compel a township, acting through its officers, to authorize the issuance of special assessment district bonds but a limitation or condition incident to the exercise of the power granted by the legislature to the townships, hence it is not unconstitutional as an unwarranted interference by the legislature in a matter of purely local concern (Const. 1908, art. 8, § 17; Act No. 58, §§ 1, 3, Pub. Acts 1927).

3. SAME—TOWNSHIPS—STATUTES—RETROACTIVE EFFECT.

Fact that statute requiring township to be liable for certain special assessment bonds it might elect to issue might be unconstitutional if applied retroactively as to bonds issued before it became effective would not render it unconstitutional as to bonds thereafter issued (Act No. 58, Pub. Acts 1927).

4. STATUTES—CONSTRUCTION.

Statutory construction should not be more strict in civil than in criminal cases.

5. TOWNSHIPS—SPECIAL ASSESSMENT BONDS—DEPRIVATION OF PROPERTY RIGHTS—AMENDMENT OF STATUTES.

Amendatory act providing that township board *may* advance amount necessary to pay certain special assessment bonds from its general funds in lieu of previous provision that board *shall* do so *held*, not to relieve township of obligation to do so as to bonds issued before amendatory act took effect as to hold otherwise would deprive bondholders of vested property rights (Act No. 24, Pub. Acts 1934 [1st Ex. Sess.], amending Act No. 58, § 3, Pub. Acts 1927).

6. SAME—GENERAL LIABILITY FOR SPECIAL ASSESSMENT BONDS—REIMBURSEMENT—ANNEXATION OF PROPERTY BY CITY.

Township's general liability for payment for special assessment bonds for certain improvements therein is neither cancelled nor modified by fact that subsequent to the issuance of the bonds approximately 50 per cent. of the real property therein was annexed to a city, notwithstanding township is unable to reimburse itself by means of a reassessment in the special assessment districts or through tax sale of such lands, as the township's liability is not dependent upon its power to reimburse itself (Act No. 58, § 3, Pub. Acts 1927).

7. Same—General Liability on Special Assessment Bonds— Power to Tax—Annexation of Property by City.

Township's authority to issue bonds for special assessment purposes as to which general funds of township were liable in case special assessment funds were insufficient was necessarily accompanied by authority to levy taxes and thereby obtain funds with which to pay the bonds, hence bondholders were entitled to decree directing levy of general tax sufficient to enable township to pay such bonds notwithstanding since the issuance of the bonds 50 per cent. of the real property has been annexed to a city (Act No. 58, §§ 1, 3, Pub. Acts 1927).

Appeal from Wayne; Campbell (Allan), J. Submitted April 20, 1938. (Docket No. 130, Calendar No. 40,036.) Decided June 30, 1938.

Bill by City of Highland Park, a municipal corporation, and others against Dearborn Township to recover sums due on bonds, for an accounting and assessment and other relief. Decree for plaintiffs. Defendant appeals. Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiffs.

*Oscar A. Kaufman (David A. Howell,* of counsel), for defendant.

North, J. The city of Highland Park, and the other plaintiffs who constitute the Dearborn Township Bondholders' Protective Committee, brought this suit in equity to recover on matured bonds issued by defendant and also seek a general tax levy for their payment. During the period from August 1, 1927, to December 1, 1930, the defendant issued special assessment district bonds for the construction of water and sewer improvements in 13 separate districts. On September 22, 1927, approximately 50 per cent. of the real property in the township was annexed to the city of Dearborn. The bonds of district

number 1 were issued prior to the annexation but
the balance were issued at a subsequent time.  How-
ever, water districts 2, 3 and 4, as well as number 1,
were established prior to the annexation.  The prin-
cipal amount of the bonds issued was $625,850.  The
bondholders' protective committee holds past due
bonds in the amount of $339,000 and, at the present
time, the city of Highland Park's past due holdings
amount to $46,000.  The bonds in question were is-
sued under the authority of Act No. 116, Pub. Acts
1923, as amended by Act No. 263, Pub. Acts 1925,
and Act No. 58, Pub. Acts 1927, now found in 1 Comp.
Laws 1929, §§ 2385–2388, inclusive.

Plaintiffs contend that under the statute they are
entitled to have the township officers levy a general
tax in order that the matured bonds and accrued in-
terest may be paid.  As opposed to this, appellant
urges that the portion of Act No. 58, § 3, Pub. Acts
1927, hereinafter quoted is unconstitutional; that
Act No. 24, Pub. Acts 1934 (1st Ex. Sess.), which
amends Act No. 58, § 3, Pub. Acts 1927, by substitut-
ing the word "may" for the word "shall" should be
applied (Stat. Ann. § 5.2413); that Act No. 58, § 3,
Pub. Acts 1927, does not authorize a general tax
levy; and that the liability of the township should be
reduced in proportion to the amount of territory that
has been annexed by the city of Dearborn.  From a
decree for the plaintiffs, defendant appeals.

Plaintiffs assert their right to recover under the
amended statute found in Act No. 58, Pub. Acts 1927.
By this statute and under such circumstances as are
presented in the instant case a township wherein
there are platted lands outside the boundaries of in-
corporated villages, is given authority incident to
making public improvements specified in the act "to
levy and collect special assessments to pay the cost

thereof and to issue bonds in anticipation of the collection of said special assessments, upon filing the petition and subject to the terms and conditions hereinafter provided." Act No. 58, § 1, Pub. Acts 1927. One of the conditions under which such authority may be exercised is set forth in section 3 of the act in the following language:

"If any such special assessment fund is insufficient to pay such bonds and interest thereon when due, the township board shall advance the amount necessary to pay such bonds, and shall be reimbursed from such assessments when collected, or by reassessment of the deficiency if necessary."

Appellant's contention that the provision above quoted from section 3 of the statute is unconstitutional cannot be sustained. We have already passed upon this question.

"Under Act No. 58, Pub. Acts 1927, the township was required to advance the amount of money necessary to pay the bonds, and to reimburse itself from special assessments when collected, or by reassessment of the deficiency if necessary. Under the holdings of *Moore* v. *Harrison,* 224 Mich. 512, and *Regents of University of Michigan* v. *Pray,* 264 Mich. 693, this act is constitutional." *Whitman* v. *Township of Royal Oak,* 269 Mich. 146.

We are mindful in the instant case appellant stresses the contention that the act is unconstitutional as being an unwarranted interference by the legislature in a matter of purely local concern. The proposition of law is not here applicable. Instead the legislature by general law has conferred upon townships the optional power of issuing bonds of the character here in suit. The Constitution empowers the legislature to enact such laws. Constitution of

Michigan 1908, art. 8, § 17.  In passing such stat-
utes the legislature may place limitations and condi-
tions upon the exercise of the powers granted.  By
the statute under consideration the legislature has
authorized townships to issue special assessment
bonds but upon the condition that in case the special
assessment fund is insufficient to pay the bonds and
interest thereon then the township at large shall be
liable for their payment.  The quoted statutory pro-
vision does not attempt to compel a township, acting
through its officers, to authorize the issuance of dis-
trict special assessment bonds, but if a township
elects to do so, the legislature by Act No. 58, Pub.
Acts 1927, renders such bonds payable out of the
township's general funds in event the ''special as-
sessment fund is insufficient.''  Such a statutory pro-
vision is not unconstitutional on the ground that it is
an unwarranted interference by the legislature in a
matter of purely local concern.  Instead it is a limita-
tion upon or a condition incident to the exercise of a
power granted by the legislature to townships.

Appellant is not in position to raise the question as
to the act being unconstitutional in event an attempt
were made to apply it to special assessment bonds
issued prior to the 1927 amendment, which is above
quoted as part of section 3.  All of the bonds in-
volved in the instant case were issued after this
amendment became effective.  As to these subse-
quently issued bonds the act must be held valid.
In the instant case we are not concerned with the
validity or invalidity of the act as applied to bonds
issued prior to the above noted amendment.  As to
such prior issued bonds appellant contends the act
would be unconstitutional on the ground of its being
retroactive.  Certainly statutory construction should
not be more strict in civil than in criminal cases.  In

the administration of the law in a criminal case the
Supreme Court of the United States has said:

"The rule upon this subject, which we consider
applicable, is that 'a legislative act may be entirely
valid as to some classes of cases and clearly void as
to others.  A general law for the punishment of
offenses, which should endeavor to reach by its retro-
active operation acts before committed, as well as to
prescribe a rule of conduct for the citizen in future,
would be void so far as it was retrospective; but such
invalidity would not affect the operation of the law
in regard to the cases which were within the legisla-
tive control.'  Cooley, Constitutional Limitations
(5th Ed.), p. 215." *Jaehne* v. *New York*, 128 U. S.
189 (9 Sup. Ct. 70).

It should be noted, however, that notwithstanding
the foregoing would be sufficient answer to appel-
lant's contention, nothing hereinbefore said should
be construed as indicating a departure by this court
from its former holdings that a legislative enactment
of the character hereinbefore quoted from section 3
is not unconstitutional notwithstanding it may be
given retroactive effect.  See *Moore* v. *Harrison, su-
pra; Regents of University of Michigan* v. *Pray,
supra;* and *Whitman* v. *Township of Royal Oak,
supra.*

Appellant further asserts that Act No. 24, Pub.
Acts 1934 (1st Ex. Sess.), has so changed the per-
tinent portion of section 3 hereinbefore quoted as to
defeat plaintiff's contention that they are entitled
to have the matured bonds paid from the township's
general funds.  In taking this position appellant
points out that in Act No. 58, § 3, Pub. Acts 1927, the
provision is "the township board *shall* advance the
amount necessary" while in the corresponding sec-
tion of the 1934 act it is changed to read "the town-

ship board *may* advance the amount necessary.''
We have already held adversely to appellant's contention. *Whitman* v. *Township of Royal Oak, supra.*
To hold otherwise than we did in the cited case would be to deprive unlawfully these plaintiffs of vested property rights. *City of Pontiac* v. *Simonton*, 271 Mich. 647. .

Another contention presented by appellant is that the liability of the township of Dearborn should be reduced in proportion to the amount of its territory that has been annexed to the city of Dearborn since the special assessment districts for which the bonds in suit were issued were established. As hereinbefore noted, subsequent to the issuance of the bonds held by plaintiffs approximately 50 per cent. of the real property of defendant township was annexed to the city of Dearborn. The question is did this act of annexation release the defendant township *pro tanto* from its legal obligation on these bonds. Surely this would be a novel and convenient manner in which a township might discharge or at least minimize its legal obligations, if appellant's contention were sound in law. But an insurmountable objection to sustaining this contention is that the holders of these bonds, at least so far as this record shows, were in no way parties to the severing of territory from the township and annexing it to the city of Dearborn. Under the circumstances their rights cannot be affected. It is stated in appellant's brief counsel have stipulated that ''the township of Dearborn could not recover any funds which it advanced to pay these bonds by means of a reassessment in the special assessment districts, or through tax sale of such lands.'' Notwithstanding counsel's stipulation, still the township's obligation is neither canceled nor modified.

"The defendants say that this holding of *Moore* v. *Harrison* (224 Mich. 512) does not apply to the instant case because the record here shows that reimbursement is impossible. The statute does not make payment of such orders from the general fund dependent upon the power to reimburse. It was contemplated that there would be reimbursement either from a redemption or sale of the delinquent lands, but payments from the general fund were not contingent on the ability of the county to reimburse itself." *Graves* v. *Bliss,* 235 Mich. 364.

We are not in accord with appellant's contention that plaintiffs are not entitled to a decree directing the levy of a general tax sufficient to enable the township to pay the bonds in suit. This contention is asserted on the ground that Act No. 58, § 3, Pub. Acts 1927, does not authorize the levy of a general tax to pay special assessment bonds in event the general funds on hand are insufficient for that purpose. Such a construction of the statute would afford defendant a convenient method of continuing successfully to refuse payment of its honest obligations. The township authorized issuance of these bonds. It received the money paid for the bonds by the bondholders, and the township used this money in paying for public improvements made in the township. The statute was then in force under which plaintiffs now seek payment of the bonds. The statute plainly provided that in event the special assessment fund proves insufficient to pay matured bonds "the township board *shall* advance the amount necessary to pay such bonds." If, as in the instant case, the township funds on hand are inadequate, obviously the only way the township board can obtain funds with which to pay these bonds is by levying a tax. The grant of authority by the legislature to the township to issue

bonds of this character was necessarily accompanied with authority to levy taxes and thereby obtain funds with which to pay the resultant obligations.

"The authority conferred upon the (township) board to issue the bonds and to sell them, and to have the proceeds thereof paid to the township treasurer, necessarily implies the right to pledge the credit of the township.  1 Dillon Municipal Corporations (4th Ed.), § 127, and note."  *Township of Grosse Pointe* v. *Finn,* 134 Mich. 529.

"The rule is well settled in the Federal courts that when a municipality has been granted authority to issue bonds and thus becomes indebted such authority carries with it power to employ the means ordinarily resorted to by the municipality for the discharge of its indebtedness, unless the legislation, which authorizes the municipality to incur the debt, rebuts the implication."  *State, ex rel. First National Bank of Baker,* v. *Melville,* 149 Ore. 532 (39 Pac. [2d] 1119, 41 Pac. [2d] 1071).

See, also, *Colby* v. *City of Medford,* 85 Ore. 485 (167 Pac. 487) and *State, ex rel. Bruml,* v. *Village of Brooklyn,* 126 Ohio St. 459 (185 N. E. 841).

The decree entered in the circuit court in chancery is in full accord herewith and is affirmed.  Costs to appellees.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.  BUTZEL, J., did not sit.