BARNABY *v.* BARNABY.

1. DIVORCE—CUSTODY AND SUPPORT OF CHILDREN—VISITATION.

Mother to whom custody of son of the parties was given by decree of divorce, which also required that father pay her $5 weekly for support of son and gave him right of visitation, was not entitled to aid of the court in collecting payments where she herself has failed to comply with the decree by not permitting father to visit the son.

2. CONTEMPT—DISCRETION OF COURT.

The issuance of an order of contempt rests in the sound discretion of the trial court.

3. SAME—ABUSE OF DISCRETION—REVIEW.

Refusal of a trial court to adjudge one guilty of contempt is not reviewable except for abuse of discretion.

4. SAME—REVIEW.

An order of contempt or the refusal to issue such an order is not properly reviewable by general appeal, the proper remedy being certiorari or mandamus.

5. DIVORCE—CONTEMPT—ABUSE OF DISCRETION—CUSTODY OF CHILDREN—NONPAYMENT OF SUPPORT MONEY—VISITATION.

Refusal of trial court to hold father in contempt of court for nonpayment of money which decree of divorce had required of him for support of son of the parties *held*, not an abuse of discretion where decree had also provided that father should have right of visiting son in custody of mother and she refused to permit him to see the boy as required by the decree.

Appeal from Kent; Brown (William B.), J. Submitted June 6, 1939. (Docket No. 13, Calendar No. 40,483.) Decided September 6, 1939.

Divorce proceeding between Milton Wayne Barnaby and Mona Belle Barnaby (Lumley). On peti-

tion of plaintiff to amend decree to obtain custody of minor child and petition of defendant to amend decree for added alimony. From orders made, defendant appeals. Affirmed.

*Horace T. Barnaby,* for plaintiff.

*Vandeveer, Vandeveer & Haggerty,* for defendant.

McAllister, J. In 1925, plaintiff, Milton Wayne Barnaby, was granted a decree of divorce from defendant and the custody of the two-year old son was awarded to defendant, with the provision that she should have the care of the child until he reached the age of 16 years, or until the further order of the court. Plaintiff was required to pay to the clerk of the court the sum of $5 per week for the care, support, and education of the child, and was permitted the right to see and visit the child at all reasonable times and at least once a week.

For many years, plaintiff dutifully made the required payments. As the child grew older, plaintiff attempted to see him, and at first was fairly successful. However, defendant had placed the child with her parents for extended periods, and as time went on it became more difficult for plaintiff to visit the boy. Frequent excuses were made that the child was ill or that company was coming or that the family would be away. Plaintiff finally went to the circuit judge who had entered the decree, and complained that he was not able to see the child. The court called the parties and grandparents in for consultation and told them that unless they permitted the plaintiff to see his son, he would not be obliged to make the payments required in the decree. The same difficulties continued, however, and the

court later amended the decree to permit the plaintiff to have the child with him on certain week-ends; but such conditions were likewise avoided. by the same subterfuges and excuses as before, in spite of the repeated statements by the court to the parties that plaintiff would not be held to make the payments unless he were permitted to see the child. As a result of the conduct of defendant, plaintiff discontinued making his weekly payments.

In 1938, the boy, then 15 years old, came to the plaintiff and told him that he wanted to live with him, and plaintiff thereupon filed a petition with the court for custody. Defendant filed answer to the petition denying such right in plaintiff and requested the court to adjudge plaintiff guilty of contempt for defaulting in the weekly payments.

On a hearing and after a careful consideration of the matter, the court awarded the custody of the boy to plaintiff and refused to enter a contempt order as sought by defendant. From such determination defendant appeals, contending that the court's refusal to issue contempt process to enforce back payments constituted a cancellation of alimony and was contrary to law.

Defendant because of her refusal to permit plaintiff to see the child as provided in the decree was not entitled to the aid of the court in collecting the payments. She herself has failed to comply with the decree.

The issuance of an order of contempt rests in the sound discretion of the court. Refusal of a court to adjudge one guilty of contempt is not reviewable except for abuse of discretion. 13 C. J. p. 105. The only question before us is the claimed error of the court in refusing to issue contempt process against the plaintiff. Review of an order of contempt or the refusal to issue such an order is not properly

reviewable by general appeal. The proper remedy is by certiorari or mandamus.

Under the facts and circumstances of this case, we find no ground for holding that plaintiff was in contempt; there was no abuse of discretion on the part of the trial court.

Order affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.