TOWNSHIP OF ROYAL OAK *v.* CITY OF HUNTINGTON
WOODS.

1. JUDGMENT—CONSENT DECREE—ACCOUNTING—INCORPORATION OF
   CITY OUT OF TOWNSHIP TERRITORY—REHEARING.
   Where township and city, incorporated from township territory,
   in fixing terms for consent decree had attempted to adjust
   the rights and liabilities pursuant to what was then believed
   to be the applicable law, it would be necessary to have a
   complete, not merely a partial, rehearing on accounting be-
   fore township could thereafter have decree amended so as to
   reserve for future adjudication city's proportionate liability
   in case township should be obliged to pay balance of special
   assessment bonds it had issued before severance of territory
   by incorporation of city (1 Comp. Laws 1929, § 2250, as
   amended by Act No. 233, Pub. Acts 1931).

2. COURTS — JURISDICTION — SUPREME COURT — ACCOUNTING —
   SEVERANCE OF CITY TERRITORY FROM TOWNSHIP.
   The Supreme Court does not have original jurisdiction in a suit
   for accounting by township against city incorporated from
   township territory (1 Comp. Laws 1929, § 2250, as amended by
   Act No. 233, Pub. Acts 1931).

3. APPEAL AND ERROR—DE NOVO REVIEW—ACCOUNTING—RECORD.
   Record on appeal from modification of consent decree in suit by
   township for accounting by city incorporated from township
   territory *held*, not such as to enable the Supreme Court on its
   *de novo* review to arrive at a fair and just accounting between
   the parties on the basis of a full rehearing (1 Comp.
   Laws 1929, §2250, as amended•by Act No. 233, Pub. Acts
   1931).

4. JUDGMENT—CONSENT DECREES—MODIFICATION OF DECREE—PUB-
   LIC QUESTION—TAXPAYERS—BONDHOLDERS.
   Rule that courts may not alter consent decrees should not be
   rigidly applied where the decree may materially affect the

rights of many taxpayers and possibly holders of outstanding bonds of plaintiff township from whose territory city was incorporated.

5. SAME—MODIFICATION OF CONSENT DECREE—JURISDICTION IN SUIT FOR ACCOUNTING BETWEEN MUNICIPAL CORPORATIONS.

Trial court had jurisdiction to modify so-called consent decree in township's suit for accounting by city incorporated from township territory where decree might affect rights of tax-payers and bondholders and when such decree was entered there was a misunderstanding as to the respective rights and obligations of the litigants and a mistake of fact on the part of a township officer (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

6. EQUITY—REHEARING SUA SPONTE—ACCOUNTING BETWEEN MUNICIPAL CORPORATIONS.

A trial court may order, on its own motion if necessary, a complete rehearing of a consent decree entered in suit by township for accounting by city incorporated from township territory (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

7. COSTS—ACCOUNTING BETWEEN MUNICIPAL CORPORATIONS—RECORD —REMAND.

No costs are allowed in suit by township for accounting by city incorporated from township territory where record on appeal is such that Supreme Court cannot give a complete rehearing and remand is required to make a record (1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931).

Appeal from Oakland; Holland (H. Russel), J. Submitted October 15, 1945. (Docket No. 91, Calendar No. 43,239.) Decided December 3, 1945.

Bill by Township of Royal Oak against City of Huntington Woods for settlement of accounts on defendant becoming a city. On petition to grant rehearing *sua sponte.* Rehearing in part granted. Decree modified. Defendant appeals. Reversed and remanded for complete rehearing.

*Glenn C. Gillespie* and *Franklin E. Morris,* for plaintiff.

*Arthur E. Moore,* for defendant.

North, J.   The bill of complaint was filed in this cause August 19, 1938.   By its suit the township of Royal Oak, hereinafter referred to as the township, sought to obtain an accounting and settlement between itself and the city of Huntington Woods, hereinafter referred to as the city.   The city was incorporated in August, 1932, and its incorporated area was taken from what had theretofore been a part of the township.   The accounting sought was such as is incident to the incorporation of a city in what was theretofore township territory, as provided in 1 Comp. Laws 1929, § 2250, as amended by Act No. 233, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 2250, Stat. Ann. § 5.2093).   After hearing in the circuit court a decree was entered which defendant deemed adverse to its rights.   Defendant appealed to this Court, and the record and briefs were duly filed.   However, by request of counsel for the respective parties consideration and determination of the case in this Court was deferred.   This was done because counsel were of the opinion that the matter in litigation might be amicably adjusted. Subsequent to decree originally entered in the instant case in the trial court, decision by this Court was rendered in the case of *Township of Royal Oak* v. *City of Pleasant Ridge,* 295 Mich. 284.   Thereafter by stipulation of counsel the instant case was remanded from this Court to the circuit court of Oakland county.   On June 18, 1941, in accord with stipulation of counsel, an amended decree was filed by which the rights and liabilities of the respective parties in the subject matter of the suit purported to be fully adjudicated.   On May 5, 1943, the township filed a motion that the court *sua sponte* order a partial rehearing.   By its motion plaintiff township

sought upon rehearing to have stricken from the amended decree, previously entered by consent, paragraphs (3) and (6), to which further reference will hereinafter be made. In part the reasons asserted in support of the motion were that under our decision in *Township of Royal Oak* v. *City of Pleasant Ridge, supra,* the provisions of the consent decree which plaintiff sought to have stricken were contrary to the law relative to the liability of the respective parties to the instant suit, particularly as to contingent liability on special assessment bonds; and because the erroneous provisions of the decree were inserted therein "through a mutual mistake of counsel and the court as to the law applicable to said special assessment bonds." Plaintiff's motion that the court *sua sponte* order a rehearing was granted July 2, 1943; and incident to the rehearing the trial court, on November 8, 1944, struck from the amended decree which had been entered by consent June 18, 1941, the above-mentioned paragraphs (3) and (6) thereof; and further, as proposed in plaintiff's motion, the trial court added to its modified decree, which was entered *nunc pro tunc* as of June 18, 1941, certain provisions which will be noted later herein.

The present appeal is from the amended decree of November 8, 1944, entered *nunc pro tunc* as of June 18, 1941. In part appellant's contention is indicated by the following question:

"Where a consent decree is set aside because of invalidity of one of several interdependent sections thereof, may the court set aside the invalid section and require the parties to remain bound by the remaining sections, and thus make a new contract for the parties?"

Another of appellant's questions reads:

"Where a contested decree of the trial court, pending appeal, is superseded by an invalid consent decree which must be set aside, are the parties to be returned to their *status quo,* and either the former decree with right of appeal reinstated or some decree rendered within the scope of the pleadings and proofs?"

Our review of this record brings the conclusion that at least for the purpose of decision herein the amended decree entered in the trial court June 18, 1943, should be considered as a consent decree. It bears the indorsement: "O. K. as to form and substance: Robert C. Baldwin, attorney for plaintiff and appellee." However, see *Kirn* v. *Ioor,* 266 Mich. 335. As hereinbefore noted, this decree was entered after the case by stipulation of counsel for the respective parties was remanded from this Court to the circuit court; and evidently it was drafted in the particulars now in controversy in accord with what all, or at least some, of the parties thought was the controlling law.

The following facts are essential to a more complete understanding of the circumstances giving rise to this litigation and the present appeal. At the time defendant city was incorporated there were outstanding two groups of special assessment bonds, and there were also certain outstanding general obligations of the township. On the other hand, the township possessed certain assets which, together with township liabilities, had to be taken into consideration in adjusting the rights and liabilities which arose from the incorporation of defendant city out of township territory, as above noted. See 1 Comp. Laws 1929, § 2250, as amended by Act No.

233, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 2250, Stat. Ann. § 5.2093). There seems to be no dispute that the proportion of the taxable property taken incident to the incorporation of the defendant city was such that the city, in accord with the statute just above cited, would share in the township's assets on the basis of 15.7386 per cent. thereof, and likewise the city would be liable for the same proportion of the township's general liabilities. At the time of the city's incorporation one group of special assessment bonds, designated as rolls 5 to 11, were outstanding in an amount of upwards of $200,000. These are the same bonds involved in former Royal Oak township cases. See *Whitman* v. *Township of Royal Oak,* 269 Mich. 146; *Township of Royal Oak* v. *City of Pleasant Ridge, supra.* They were issued to pay for sewers and water mains under Act No. 116, Pub. Acts 1923, as amended by Act No. 263, Pub. Acts 1925.* A second group of like special assessment bonds, designated as rolls 22 to 35, in the amount of more than $90,000, were also outstanding. As to these special assessment bonds the consent decree in paragraph (3) provided as follows:

"That any and all outstanding bonds or refunding bonds of the township of Royal Oak for and of any special assessment rolls or projects are hereby determined not to be the general obligation of the said township of Royal Oak and it is hereby decreed that said city of Huntington Woods is not liable and shall not be liable in the future for any portion of said bonds."

Paragraph (6) of the decree provided:

"It is further ordered, adjudged and decreed that upon compliance with the terms and conditions of

---

* See 1 Comp. Laws 1929, § 2385 *et seq.* (Stat. Ann. § 5.2411 *et seq.*).—REPORTER.

this decree, the said city of Huntington Woods shall be determined to have fulfilled any and all obligations on its part required whether arising in the past, present or future, whether certain or uncertain, or contingent or ascertained, whether known or unknown, and whether liquidated or unliquidated, which in any manner arise or may arise from the incorporation of the city of Huntington Woods out of the territory of the township of Royal Oak, or which may in any manner arise out of the pleadings filed in this cause."

Incident to the rehearing, which the trial court ordered *sua sponte,* the two paragraphs above quoted were stricken from the consent decree. However the court inserted in its amended decree a recital that prior to the city's incorporation the township had issued special assessment bonds, but the record does not disclose the township had been obligated to pay out of its general funds any portion of such special assessment bonds, and that the question of ultimate liability between plaintiff and defendant on such bonds should be reserved; and accordingly touching this phase of the case the court embodied in its amended decree the following provision:

"It is therefore ordered, adjudged and decreed that should it subsequently appear to this court that because of inability to obtain from special assessments or reassessments, funds sufficient to pay said obligations in full, so that plaintiff shall be obliged to pay any balance due thereon from its general fund or from a general township tax, and its contingent statutory liability to advance money from its general fund accrues, and, that such payment was necessitated because they were then legal obligations of plaintiff township contracted before the severance of township territory by defendant city,

all questions concerning the liability of defendant city for payment of a proportionate share of such township indebtedness may then be raised by appropriate proceedings in any court having jurisdiction thereof.''

Obviously the court made the above-noted modifications in its decree for the purpose of causing the decree to conform to our holding in *Township of Royal Oak* v. *City of Pleasant Ridge,* 295 Mich. 284, and 307 Mich. 714, and is approved. However, the consent decree, which the court amended, contained various provisions which imposed liability upon the defendant city. These provisions remained unaltered in the decree as modified. It is now stressed in behalf of the city that it was not within the power of the trial court to strike from the consent decree provisions which were favorable to the city and still leave standing as a part of the decree provisions which were unfavorable to or which impose liability upon the city.

Our review of this record satisfies us that there is merit to the city's contention just above noted; and that failure to reconsider other items in the consent decree has resulted in an accounting which is not, or at least may not be, in accord with the just rights of the defendant city. We are mindful the record discloses that, at one stage of this rehearing, the city submitted a motion to the trial court that if there was to be modification of the consent decree in the particulars sought by the township, there should also be a complete rehearing; but before the trial court passed upon the city's motion it was withdrawn by the city. We are also mindful the township consented that a complete rehearing might be had if the modification of the decree sought by it was granted. The record before us on the instant appeal is not such as to enable this Court even upon a hearing *de novo* to arrive at anything like a fair and just ac-

counting between the parties on the basis of a full rehearing of the case. In any event, this Court is not one of original jurisdiction in a case of this character; and there are items which necessarily enter into the accounting which on the record now before us do not appear to have been passed upon by the trial court.

It seems unnecessary to note more than one item which would bear upon the result in the event of a general rehearing but which in the decree as finally amended by the trial court was assumed to be the same as in the consent decree. From the record it plainly appears that the parties in fixing the terms of the consent decree attempted to transfer liabilities, and to offset debits against credits, et cetera; and in that manner to arrive at an agreed result. It appears with reasonable certainty that one of the items entering into the result embodied in the consent decree was the amount of the township's net assets at the time of the incorporation of the defendant city; and for the purposes of the consent decree that was assumed to be $136,681.57, and the city's percentage share thereof was $21,511.77. But in the township's bill of complaint, as well as in a computation mutually agreed upon by the respective accountants for the township and for the city, the net assets of the township as of the date of the incorporation of the defendant city amounted to $500,449.45, of which the city's percentage share was $78,762.74. It is obvious that the manner in which this item was treated in the consent decree necessitated a full rehearing, upon the court's modifying the decree as was done. But on the rehearing the court did not consider or pass upon the accuracy or inaccuracy of this item.

We are not in accord with appellant's contention that, under the circumstances of this record, the so-called consent decree was not subject to modification

by the trial court upon its *sua sponte* rehearing. There can be no doubt that in entering the consent decree there was a misunderstanding at least by some of the parties concerned as to the respective rights and obligations of these litigants. And, further, there is testimony of a mistake of fact on the part of one of the township officers in consequence of which he was misled into approving the terms of the consent decree. The mistake of fact, according to his testimony, was that this official by a statement of the attorney who then represented the township was misled into believing that the agreement embodied in the consent decree ''was in accordance with the opinion of the Supreme Court'' which had been handed down in another case; and the witness testified in effect that if he had not been so advised he would not have consented to the terms embodied in the consent decree. The instant suit not only involves the rights of the litigants of record, but indirectly its determination may materially affect the rights of many taxpayers and possibly of holders of outstanding bonds. Under such circumstances, the rule that courts may not alter consent decrees should not be too rigidly applied. Under somewhat similar circumstances we affirmed a *nunc pro tunc* modification of a decree of the trial court in *Township of Royal Oak* v. *City of Pleasant Ridge,* 307 Mich. 714.

The trial court was right in assuming that under the circumstances of this case it had the power to modify the so-called consent decree, but upon such modification there should have been a complete rehearing; and if necessary the trial court should have ordered such complete rehearing on its own motion. In view of the unsatisfactory condition of the record now before this Court there appears to be no other alternative except to remand the case to the trial court for the purpose of making a record on a full

rehearing of the accounting, and a determination thereof. A decree will be entered accordingly in this Court, without costs to either party. In view of our disposition of the present appeal it becomes unnecessary to pass upon other questions presented in the briefs. As to most, if not all, of such questions, we are unable to find that they were presented to or passed upon by the trial court incident to the rehearing from which this appeal is taken.

STARR, C. J., and CARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.