SLOBAN v TOWNSHIP OF SHELBY

1. JUDGMENT—CONSENT JUDGMENT—APPROVAL—SUBSTANCE AND FORM—ENFORCEABILITY.

A consent judgment is not enforceable against a defendant where the defendant has not agreed both to the substance and the form of the judgment.

2. TOWNS—TOWNSHIPS—RESOLUTIONS—ZONING—AGREEMENT TO REZONE—CONSENT JUDGMENT—COURT RULE.

A township board passed a resolution directing the township attorney to prepare a consent judgment in conjunction with a plaintiff's action against the township to have property rezoned, but the resolution was rescinded at a later township board meeting; *held:* judgment for the defendant township was proper in a subsequent action by plaintiff for damages for breach of an agreement to rezone property, as evidenced by the resolution, where (1) the alleged agreement should have been offered in plaintiff's first action, (2) the alleged agreement was not in a signed writing or made in open court as required by court rule, and (3) no agreement or contract was established by the resolution to prepare a consent judgment (GCR 1963, 507.9).

3. TOWNS—TOWNSHIPS—POLICE POWERS—CONTRACTS—IRREPEALABLE CONTRACTS—PUBLIC POLICY.

A legislative body is prohibited by the public policy of the state from making an irrepealable contract which would restrict the exercise of its police powers in areas relating to public health and welfare.

Appeal from Macomb, Frank E. Jeannette, J. Submitted January 7, 1976, at Grand Rapids. (Docket No. 25012.) Decided February 11, 1976.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur 2d, Judgments § 897.

47 Am Jur 2d, Judgments § 1080 *et seq.*

[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 502.

Complaint by Milton Sloban against the Township of Shelby and others for damages for breach of an agreement to rezone property. Judgment for defendants. Plaintiff appeals. Affirmed.

*Perica, Breithart, Wolanin & Carmody,* for plaintiff.

*Roy W. Rogensues,* for defendants.

Before: D. E. HOLBROOK, P. J., and R. M. MAHER and D. F. WALSH, JJ.

D. E. HOLBROOK, P. J. Plaintiff appeals as of right from a judgment of no cause of action entered by the trial court.

The facts were stipulated below. Plaintiff owned certain land located in defendant township. Plaintiff attempted to have the property rezoned so that he could pursue certain commercial development plans which he had conceived. His attempts to have the property rezoned were denied, and he commenced a suit in Macomb County Circuit Court seeking to have the subject Shelby Township zoning ordinance declared unconstitutional and void as to his property. While the suit was pending, plaintiff and his attorney met with defendants at the regular meeting of the Shelby Township Board held on December 19, 1972. Plaintiff and his attorney apparently attended the meeting in hopes of reaching an agreement which would settle the lawsuit. Eventually, the following resolution was passed by the board:

"Motion by Jenkins, supported by Pini, to direct the Township Attorney to prepare a consent judgment in conjunction with the court case of Sloban v Shelby Township *concerning the rezoning of property described* as Addressograph Plate #L148C2, located in Section 9,

Shelby Township, (N.E. Corner of Mound and 24 Mile Road) from PB & R-1-B to C-1 with the following stipulations:

"1. There be a one year construction date limitation.

"2. The square footage of the stores to be 50,000–60,000 square feet, or as per ordinance.

"3. There be a 5' sidewalk constructed along the southerly and westerly boundary of the property.

"4. That the plan, as submitted, must comply with all of the ordinances of the Township, including the site plan.

"5. The final site plan be submitted to the Planning Commission for recommendation and then to the Township Board for final approval.

"6. At no time are there to be gasoline station services or related facilities on the property.

"Roll call: Ayes—Jenkins, Kullman, Stecker, Hansen, Pini, Steger. Nayes—Millard.

"Motion carried."

Apparently, the attorneys for the respective parties then began negotiations toward preparing a mutually acceptable consent judgment. Next, in plaintiff's own words, "prior to said judgment being approved by defendant's attorney or the Township Board", the defendant board, at a later meeting, adopted the following resolution:

"Supervisor Hansen recommended the matter regarding a consent judgment in conjunction with the court case of Sloban v Shelby Township be placed on the agenda at this time.

"Motion by Jenkins, supported by Steger to place on the agenda, at this time, the matter of the disposition of the law suit of Sloban v Shelby Township concerning the rezoning of property described as Addressograph Plate #L148C2 (NE corner of 24 Mile and Mound Roads).

"Motion carried.

"Motion by Jenkins, supported by Pini, to rescind action of the Board at the meeting held December 19,

1972 directing the Township Attorney to prepare a consent judgment in conjunction with the court case of Sloban v Shelby Township on the rezoning of property located on the NE corner of 24 Mile and Mound Roads from PB and R-1-B to C-1 and further that the Township Attorney be instructed to proceed to trial and defend the case, as mentioned above.

"Roll call vote: AYES—Jenkins, Kullman, Stecker, Hansen, Millard, Pini, Steger. NAYES—None."

"Motion carried."

Plaintiff's lawsuit was then tried by the circuit court and the court held that plaintiff had no cause of action. Plaintiff did not appeal from that decision; instead, plaintiff brought a second action, the subject matter of this appeal, in which he alleged that the resolution passed by the board on December 19 constituted a contract and that the resolution passed on January 16 constituted a breach of contract for which plaintiff was entitled to damages. The trial court entered a judgment of no cause of action in favor of defendants, holding that there was no contract; that even if there were a contract it was unenforceable in that it was contrary to public policy; and that the theory being presented by plaintiff should have been presented in the prior action.

GCR 1963, 507.9, provides:

"Agreements to be in Writing. No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause which is denied by either party, is binding, unless the same has been made in open court, or unless evidence thereof is in writing subscribed by the party or his attorney against whom the same is alleged."

Plaintiff does not state a theory as to how the above court rule was satisfied in this case. We cannot assume on this record that it was satisfied. Indeed, if plaintiff had evidence of such an agree-

ment, it appears he should have so stated it in the first action below. See, GCR 1963, 203.1. Since the agreement which plaintiff alleges, if proven, would have been totally dispositive of that action, it would have been a proper subject for a motion to file supplemental pleadings under GCR 1963, 118.5.

It further appears that there was never a contract in existence. Plaintiff alleges that, as consideration, he received the zoning he was seeking and that defendants received an agreement to settle a lawsuit. But a fair reading of the resolution of December 19 does not lead one to the conclusion that the board had given plaintiff the zoning he was seeking. Indeed, all the resolution accomplished was to instruct defendants' attorney to prepare a proposed consent judgment. The mere preparation of such a consent judgment was of no legal consequence. Before there could be an enforceable agreement to consent to a judgment, the defendants in this case would have had to agree both to the substance and to the form of the judgment. *City of Norton Shores v Carr,* 59 Mich App 561; 229 NW2d 848 (1975). It is impossible in this case for the parties to ever have agreed to any judgment, since it was never actually drawn up. Also, plaintiff does not claim that he relied upon the alleged agreement in any specific manner. On the contrary, he proceeded with a lawsuit which was the subject matter of the alleged agreement.

Furthermore, while we believe the above issues to be dispositive of this case, we are inclined to agree with defendants that the public policy of this state should prohibit a legislative body from making an irrepealable contract which would restrict the exercise of its police powers in areas relating to public health and welfare.

Affirmed.