SHELBY TOWNSHIP v LIQUID DISPOSAL, INC.

1. CONTEMPT—APPEAL AND ERROR—REVIEW—MANDAMUS—CERTIORARI—SUPERINTENDING CONTROL—ABUSE OF DISCRETION.

Review of a trial judge's refusal to find a party in contempt can only be brought about by a petition for a writ of mandamus or certiorari, not by a complaint for an order of superintending control; and review, where properly sought, is limited to abuse of discretion.

2. JUDGMENT—CONSENT JUDGMENTS—CONTRACTS—ASSAILABILITY—PUBLIC POLICY—LEGISLATIVE BODIES—POLICE POWERS—HEALTH AND WELFARE.

Orders of the court entered pursuant to consent or agreement of the parties or upon stipulation are more a contract between the parties approved by the court than a judicial determination; while such orders are generally unassailable, public policy prohibits a legislative body from agreeing to a judgment which results in an irrepealable contract which would restrict the exercise of its police powers in areas relating to public health and welfare.

3. JUDGMENT—VACATION OF JUDGMENT—MUTUAL MISTAKE OF FACT—CONSENT JUDGMENTS—OUTSIDE FACTORS.

A court has the power to vacate its judgment where it determines that a mutual mistake of fact has occurred in the proceedings leading to the judgment, even in the case of a consent judgment; outside factors such as public policy and the interests of third parties may be considered when determining whether a consent judgment should be modified.

Appeal from Macomb, Howard R. Carroll, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur 2d, Certiorari §§ 25, 26, 75.
   17 Am Jur 2d, Contempt §§ 2, 37, 46.
   52 Am Jur 2d, Mandamus § 359.
[2] 46 Am Jur 2d, Judgments § 897.
   47 Am Jur 2d, Judgments § 1080 et seq.
[3] 46 Am Jur 2d, Judgments § 865.

Submitted June 10, 1976, at Detroit. (Docket No. 25089.) Decided September 7, 1976.

Complaint by Shelby Township against Liquid Disposal, Inc., seeking abatement of the nuisance attendant to an incinerator operation. A consent judgment was agreed to by the parties. Plaintiff petitioned to have the defendant held in contempt for failure to meet its requirements under the judgment. Petition denied and extension of time for compliance granted to defendant. Plaintiff appeals. Affirmed.

*Roy W. Rogensues,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Thomas L. Munson* and *John W. Voelpel),* for defendant.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

W. VAN VALKENBURG, J. The parties hereto agreed upon a consent judgment on March 1, 1974, whereby the township would issue a permit to defendant for continuance of its business and the corporation in consideration thereof would make various environmental changes to its incinerator within 1 year. The plaintiff on March 5, 1975, petitioned the court to hold Liquid Disposal in contempt on the basis that the latter had failed to carry out the requirements of the judgment. After several hearings, the trial court granted an extension of 15 months in order to permit compliance. Plaintiff has appealed from that decision.

The defendant contends, and we agree, that this

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

appeal was improvidently taken. The Supreme Court has held that a review of the trial judge's refusal to find a party in contempt can only be brought about by a petition for a writ of mandamus or certiorari. *Mason v Siegel,* 301 Mich 482, 484; 3 NW2d 851 (1942). Presently, this action would be classified as a complaint for an order of superintending control. GCR 1963, 711.3.

However, the defendant failed to file a motion to dismiss the appeal. Therefore, it would appear expedient as long as all parties are before the Court and to save additional litigation to consider this appeal in light of the rule and thus review the merits of the case.

First, it should be observed that appellate courts rarely review matters of contempt as stated in *Barnaby v Barnaby,* 290 Mich 335, 337; 287 NW 535, 536 (1939):

"Refusal of a court to adjudge one guilty of contempt is not reviewable except for abuse of discretion."

Also see *People ex rel Dean v Ann Arbor R Co,* 137 Mich 673, 674; 100 NW 892 (1904). Nevertheless, the plaintiff here maintains that the action of the court was in effect an amendment of a consent judgment. There is some support for this position as the court stated in its opinion of July 3, 1975:

"Amended judgment consistent herewith may be presented."

Second, as a general rule, such judgments are unassailable. *Draughn v Hill,* 30 Mich App 548, 553–554; 186 NW2d 855 (1971).

Although the issue was not raised in this appeal, it should be noted for the record, that this Court

in *Sloban v Township of Shelby,* 67 Mich App 371, 375; 241 NW2d 211 (1976), stated:

"Furthermore, while we believe the above issues to be dispositive of this case, we are inclined to agree with defendants that the public policy of this state should prohibit a legislative body from making an irrepealable contract which would restrict the exercise of its police powers in areas relating to public health and welfare."

Regardless of the above statement of public policy, we will consider the principal issue as to whether the trial judge was correct in amending the consent judgment.

The parties underestimated the time which would be required to make the necessary alterations largely because of certain standards inserted by state agencies as shown by the following explanation.

The pollution control system that was proposed was vetoed by the state agencies because it could not reduce particulate emission to .1 lb. per 1000 lbs. of gas. The defendant had assumed that the state requirement was .3 lbs. of particulate emission per 1000 lbs. of gas. As a result, they were unable to use lower cost antipollution devices and had to renew plans to install more efficient pollution control devices.

This uncertainty in state standards and the direct involvement by the state in procurement of the emission control system explains the failure of the defendant to have a system installed on time. It would have been business folly to install a less efficient system, only to have the state order the facility closed because of noncompliance with state regulations.

This in essence was a mutual mistake and therefore falls within the holding of the Supreme Court

in *Gordon v Warren Planning Comm,* 388 Mich 82, 89; 199 NW2d 465 (1972):

"Once a determination has been made that a mutual mistake of fact occurred, a court has the power to correct that mistake by vacating the judgment. This is true even in the case of a consent judgment."

Another question to be asked in connection with consent judgments is whether rights of third parties are involved. Here, the state held a substantial interest in making sure that a proper facility was installed for the protection of the public. Also, the closing down of the plant would not only have caused the loss of jobs, but removed an essential waste removal service. Therefore, outside factors may be considered when determining if a consent judgment should be modified. Commenting upon this situation, the Supreme Court in *Township of Royal Oak v Huntington Woods,* 313 Mich 137, 146; 20 NW2d 840 (1945), stated:

"The instant suit not only involves the rights of the litigants of record but indirectly its determination may materially affect the rights of many taxpayers and possibly of holders of outstanding bonds. Under such circumstances, the rule that courts may not alter consent decrees should not be too rigidly applied."

Defendant's counsel stated in oral argument that the major pieces of equipment are now on the site and that the controls would be installed within a few days. This lends support to the decision of the trial court who did not change the obligations of the defendant as set forth in the original consent judgment and retained jurisdiction in order to make certain that they were carried out during the extended period of 15

months. Certainly, this added time did not "thwart the basic purpose of the original consent decree". *Chrysler Corp v United States,* 316 US 556; 62 S Ct 1146; 86 L Ed 1668 (1942).

Affirmed. No costs, a public question being involved.