## *In re* BURNS

1. CONTEMPT — ATTORNEYS — TRIAL — INSOLENT BEHAVIOR — JUDGES
   — DUTY.
   A judge has a statutory duty to control all court proceedings
   and he has the power to punish insolent behavior committed
   during the sitting of his court (MCLA §§ 600.1701, 768.29).

2. CONTEMPT—ATTORNEYS—COURTS—DISCRETION.
   Finding an attorney guilty of contempt of court was not an
   abuse of discretion where the attorney continued to argue after
   the trial judge advised him not to do so during the court's
   instructions to the jury and refused to comply with that ruling
   even after the judge banged his gavel three times.

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J. Submitted Division 1 October 7,
1969, at Detroit. (Docket No. 5,091.) Decided October 27, 1969.

Lawrence A. Burns was adjudged in contempt of
court. Defendant appeals. Affirmed.

*Henrietta E. Rosenthal,* for Judge Thomas L.
Poindexter.

*Lawrence A. Burns, in propria persona.*

Before: FITZGERALD, P. J., and McGREGOR and V.
J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
[1, 2] 17 Am Jur 2d, Contempt § 25,

PER CURIAM. Appellant is an attorney at law. During the course of a jury trial, appellant voiced an objection to the fact that the trial judge instructed the jury as to the law immediately upon the conclusion of the opening statements. Further, appellant objected to the content of the jury instructions.

The transcript shows that the trial court permitted appellant to note his objections on the record; however, appellant continued to argue after the trial judge advised him not to argue during the court's instructions. The trial judge banged the gavel three times; nevertheless, appellant refused to comply with the court's ruling. Under these circumstances, we do not find that the trial court abused its discretion in finding appellant guilty of contempt of court. *Barnaby* v. *Barnaby* (1939), 290 Mich 335. It is the statutory duty of a trial judge to control the proceedings, MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052), and he has the power to punish insolent behavior committed during the sitting of the court, MCLA § 600.1701 (Stat Ann 1962 Rev § 27A.1701).

Affirmed.