RICE v. DARBY.

LIMITATION OF ACTIONS — INDORSEMENT OF PAYMENT — DATE OF RUNNING OF STATUTE.

Where the payee of a note was instructed by the maker to go and get some sleighs belonging to him and credit them on the note, which the payee later did, and indorsed the payment on the note the day he got the sleighs, the payment must be *held* to have been made on that date rather than on the date the instructions were given, since the payment was not made until the transaction was completed, and the statute of limitations would begin to run from the date of the payment.

Error to Sanilac; Beach (Watson), J. Submitted January 10, 1923. (Docket No. 82.) Decided March 22, 1923.

Assumpsit in justice's court by Harry R. Rice against James Darby upon a promissory note. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Reversed, and judgment entered for plaintiff.

*Wilford Macklem,* for appellant.

*Frank R. Schell,* for appellee.

BIRD, J. This case had its beginning in justice's court. Plaintiff declared on all the common counts in assumpsit, and especially on a promissory note, reading as follows:

"No. A-1013.        Croswell, Michigan, 12-28-1914.
   "On or before the first day of October, 1915, I promise to pay H. R. Rice, Croswell, Michigan, or

order, two hundred and thirty dollars, payable at Croswell, with exchange, with interest at the rate of seven per cent. if paid at maturity.    If not paid within thirty days after maturity, then I agree to pay interest at the rate of seven per cent. from this date until paid.

(Then follows the collateral agreement whereby plaintiff retains the title to certain property until the promissory note is paid.)

"JAMES DARBY.

P. O. Croswell.

Witness H. R. Rice.

$230.00.

(On the back of the note were the following indorsements) :

December 15, 1915—By Mrs. J. E. D. $1.00.

January 8, 1916—Sleighs, $15.00."

Defendant pleaded the general issue and gave notice of the statute of limitations.

Plaintiff was sworn and testified that the indorsement of $1 was made by defendant's mother.    He explained the $15-indorsement by saying that defendant instructed him to go and get the sleighs and credit them on the note.    On January 8, 1916, plaintiff got the sleighs and credited them on the note.    Plaintiff testified that defendant gave him this instruction some time between the due date of the note and Christmas time following.    Defendant did not offer any testimony in justice's court.    Defendant requested the justice to strike out all the testimony of plaintiff on the ground that he had not shown that the promise of defendant was made within the statutory period. This was refused and judgment was rendered for plaintiff.    Defendant removed the proceedings to the circuit court by writ of certiorari and contended that the testimony of plaintiff was not a sufficient basis for the judgment rendered.

Defendant contended in the circuit court that plaintiff's testimony did not show with certainty whether

the promise was made within the statutory period of six years. His precise point is that the note was due October 1, 1915, and suit was not begun until October 24, 1921, that the testimony shows that plaintiff had the conversation with defendant some time between October 1st, when the note was due, and Christmas time. He then argues that if the conversation took place between October 1st and October 24th, the promise would not be within the statutory period of six years; that if made between October 24th and January 8th, when they were credited, it would be within six years and the note would not be outlawed; that there is no way of determining by the proofs in which period the promise was made; that the burden was on plaintiff to show with reasonable certainty that he commenced the suit within the statutory period (*Ayres* v. *Hubbard,* 71 Mich. 594; *Offley* v. *Garlinger,* 161 Mich. 351) ; and, having failed to discharge this burden, he cannot recover.

We should be inclined to follow this reasoning as the trial court did, were it not for the conclusion reached in the case of *Sutton* v. *Lamb,* 72 Mich. 340. In that case defendant had given plaintiff three notes, dated April 9, 1879. One note for $100 was due in one year. One $200 note, payable in one year, and one $200 note, payable in two years. On the 30th day of August, 1880, plaintiff, who resided in New York, made an arrangement with defendant whereby defendant was to purchase some agricultural tools in Kalamazoo and send them to him at Scruple, New York. It was further agreed that plaintiff should pay the freight and indorse $50 on the notes. The tools were sent on September 9th and 20th and arrived in New York on October 5, 1880, and the indorsement was then made on the notes. Suit was begun on the notes on September 22, 1886. The trial court held the notes were barred by the statute. The same

question arose there as here.    If a new promise arose on September 9th and 20th, when the tools were shipped, the notes were barred by the statute.    If the new promise was made when the tools were received, then the suit was begun in season.    The court reversed the ruling of the trial court and held the notes valid because the indorsement on October 5th was the date on which the arrangement was completed.

In view of this holding we must hold that when plaintiff went and got the sleighs and made the indorsement on January 8, 1916, the payment was made. Defendant made the suggestion to plaintiff between October 1st and Christmas time.    There is nothing in the record to show what reply plaintiff made to that suggestion.    The fact is he did not go and get the sleighs until January 8th, and on that date made the indorsement of $15.    Of course, during that interim, plaintiff was at liberty to accept or reject the proposition, and if he did not accept until the date on which he went and secured the sleighs, then the indorsement was properly made as of that time.    Until plaintiff acted on defendant's suggestion, it cannot be said he consented until he actually went and got the sleighs in pursuance of defendant's instruction.    If the indorsement was made January 8, 1916, then it must be conceded the recognition of the date was made within the statutory period.

The judgment of the circuit court will be reversed and set aside and the judgment of the justice's court will be affirmed.    Plaintiff will recover costs in both courts.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.