GRAVES *v.* BLISS.

1. CONSTITUTIONAL   LAW — STATUTES — COUNTIES — PAYMENT   OF
   DRAIN ORDERS FROM GENERAL COUNTY FUND.
   Act No. 316, Pub. Acts 1923, as amended by Act No. 365,
   Pub. Acts 1925, giving to owners of orders against a drain
   fund which has been exhausted the right to have them
   paid out of the general fund of the county, is not un-
   constitutional as violative of section 6, Art. 2, Const. of
   Mich., and the 14th Amendment to the Federal Constitu-
   tion, prohibiting the taking of private property without
   due process of law, although reimbursement of the county,
   as evidently contemplated by the act, is rendered im-
   possible by reason of the fact that certain of the lands in
   the special assessment district for said drain, returned
   delinquent, have been deeded to the State and become
   State tax homestead lands.[1]

2. SAME—AUDITING PRIVATE CLAIM.
   Nor does said act violate section 34, Art. 5, Const. of
   Mich., prohibiting the legislature from auditing or allow-
   ing any private claim or account.[2]

[1]Drains, 19 C. J. § 183 (Anno); [2]Id., 19 C. J. § 183 (Anno).

3. SAME—DRAIN ORDERS NOT "CLAIMS" AGAINST COUNTIES WITHIN
  CONSTITUTIONAL MEANING AUTHORIZING SUPERVISORS TO ADJUST
  CLAIMS AGAINST THEM.
   Drain orders are not "claims" against a county within the
   meaning of section 9, Art. 8, Const. of Mich., conferring
   on boards of supervisors authority to adjust all claims
   against their respective counties, and therefore said act
   does not violate the provisions of said section of the
   Constitution.[3]

Certiorari to Midland; Dingeman (Harry J.), J.,
presiding.    Submitted April 27, 1926.    (Calendar
No. 32,379.)    Decided June 7, 1926.

Mandamus by James C. Graves and another to com-
pel Aaron T. Bliss, county clerk of Midland county, and
another to pay certain drain orders.    From an order
granting the writ, defendants bring certiorari.    Af-
firmed.

*Chester E. Morris,* Prosecuting Attorney, and *Gilbert
A. Currie,* for appellants.

*A. Elwood Snow,* for appellees.

McDONALD, J.    A drain known as the South Carl
drain was constructed in the county of Midland in 1915.
Assessments for the cost, aggregating $37,786.24,
were made, one-half of which was to be paid in 1915
and one-half in 1916.    The orders actually issued
against the drain fund amounted to $38,533.24.    Cer-
tain of the lands in the special assessment district were
returned delinquent.    They were offered for sale and
bid in by the State.    In February, 1921, they were
deeded to the State by the auditor general, and have
become State tax homestead lands.    The drain fund
has long since been exhausted, and the plaintiffs, who
own two orders amounting to $850 issued for labor
in the construction of the drain, insist on their right

[3]Counties, 15 C. J. § 365.

to have them paid out of the general fund.    The defendant Aaron T. Bliss, who is county clerk, and defendant Henry W. Harrison, who is county treasurer, refused payment.    Mandamus proceedings were begun against them in the circuit court.    On the hearing the writ was granted.    The defendants bring certiorari.

The plaintiffs' claim of right to payment out of the general fund is based on the provisions of Act No. 316, Pub. Acts 1923, as amended by Act No. 365, Pub. Acts 1925, and especially the second proviso in section 4, chapter 9, of the latter act.

The defendants contend that the act in question is unconstitutional for two reasons:

"(1) Act violates section 6, article 2, of the Constitution of Michigan and the Fourteenth Amendment to the Constitution of the United States, prohibiting the taking of private property without due process of law.

"(2) Act violates section 34 of article 5 providing that the legislature shall not audit nor allow any private claim or account, and section 9 of article 8 conferring on boards of supervisors authority to adjust all claims against their respective counties."

A brief reference is necessary to the history of the amendment on which the plaintiffs base their right of action.    Act No. 64, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4922), amended Act No. 142, Pub. Acts 1919, by adding a proviso, the applicable part of which reads as follows:

"*Provided further*, That the holder of such order may, if he so desires, have the right to require payment thereof out of any moneys in the general fund of the county treasury that may be available, if the drain fund is insufficient for such purpose because of delinquency in the payment of drain taxes after the lands on which the said taxes shall become delinquent have been offered for sale.    In any such case where payment is made by the county treasurer out of the

general fund, any and all delinquent drain taxes received by said treasurer thereafter shall be credited to the general fund until the same is reimbursed."

In 1923 the legislature, by Act No. 316, attempted to codify the drain law. In doing so, probably by oversight, it omitted the above proviso. The legislature of 1925, by Act No. 365, apparently undertook to restore it. Some one blundered with the punctuation, and consequently the meaning is not as clear as that of the first amendment, but it is conceded by the parties here that the second proviso found in section 4 of chapter 9, Act No. 316, Pub. Acts 1925, was intended to read the same as that of Act No. 64, Pub. Acts 1921.

We have referred to the prior statutes of the drain law because the amendment in question, which was then in the act of 1921, was considered by this court in *Moore* v. *Harrison,* 224 Mich. 512. There, as here, it was contended that the act violated the constitutional provisions which prohibited the taking of private property without due process of law. In that case it was held that the act did not impose a tax on the county, that it was constitutional and within the power of the legislature to enact. It is true that in *Moore* v. *Harrison* the validity of the statute was sustained on the theory that in advancing money from the general fund to pay delinquent assessments the county would be reimbursed. The court said:

"The intent of the legislature was, we think, clearly apparent. There was no purpose to impose a tax on the county at large to aid in the construction of a particular drain. Under the proceedings taken, the lands specially assessed would be benefited to the amount of the assessment. There was no presumption that they would be abandoned by the owners by reason thereof. The intent, as evidenced by the language of the act, considered in the light of its other provisions, was simply to require the county to advance out of its general fund sufficient sums to

retire any orders then unpaid, reimbursing itself when the lands delinquent were either redeemed or sold."

The defendants say that this holding of *Moore* v. *Harrison* does not apply to the instant case because the record here shows that reimbursement is impossible. The statute does not make payment of such orders from the general fund depend upon the power to reimburse. It was contemplated that there would be reimbursement either from a redemption or sale of the delinquent lands, but payments from the general fund were not contingent on the ability of the county to reimburse itself. We think this question is ruled adversely to the defendants here by *Moore* v. *Harrison, supra.*

Does the act in question violate the constitutional provision prohibiting the legislature from auditing any private claim or account and conferring on boards of supervisors authority to adjust all claims against their respective counties? These drain orders are not claims against the county within the meaning of the Constitution. The question is ruled by *Moore* v. *Harrison, supra.* It was there said:

"No question of the auditing or allowing of private claims is involved. The provision for payment is followed by authority to the county treasurer to reimburse the general fund from the taxes when received. This can be accomplished by a simple process of bookkeeping. He is not required to exercise any judgment in the allowance or disallowance of claims in doing so."

The judgment of the circuit court is affirmed. The writ of certiorari is dismissed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST; and CLARK, JJ., concurred.