## COWEN v. MACOMB COUNTY.

1. COUNTIES—DRAINAGE DISTRICT BONDS—CONDITIONAL LIABILITY.

The liability of a county on drainage district bonds, providing that if amount in drain fund was insufficient to pay principal and interest when due the county would advance the same out of its general funds provided such advancement would not cause the total debt of the county to exceed constitutional limitations, which bonds were issued under a statute containing requirement that claims against the county be first presented to board of supervisors or board of county auditors for payment, being of a secondary nature and conditionally limited require that claim be first presented to board before maintenance of action of assumpsit thereon (1 Comp. Laws 1929, § 1186).

2. MANDAMUS—COUNTIES—SECONDARY LIABILITY ON DRAINAGE DISTRICT BONDS.

The remedy of drainage district bondholder, who failed to present her claim for amount due on her bonds to the board of supervisors or board of auditors as required by statute, is by mandamus upon an affirmative showing that the secondary liability of the county thereon under provision that county's general funds were liable if drain fund was insufficient has become fixed and should be met (1 Comp. Laws 1929, § 1186).

Appeal from Macomb; Reid (Neil E.), J. Submitted June 14, 1939. (Docket No. 80, Calendar No. 40,596.) Decided September 6, 1939. Rehearing denied November 9, 1939.

Assumpsit by Nancy Cowen against County of Macomb, a municipal corporation, for sums due on drainage district bonds. From order dismissing declaration, plaintiff appeals. Affirmed.

*Berry & Stevens,* for plaintiff.

*Ivan A. Johnston,* Prosecuting Attorney, *Howard R. Carroll,* Assistant Prosecuting Attorney (*Nunneley & Nunneley,* of counsel), for defendant.

McALLISTER, J. Plaintiff sued defendant county in assumpsit for the principal and interest on three past due bonds issued by the Paige Avenue East Lateral of North Van Dyke Arm Drain District. Defendant moved to dismiss on the ground that plaintiff was precluded from maintaining her suit because she had not presented her claim to the board of supervisors of Macomb county before bringing her action. On the hearing of the motion, the trial court dismissed the suit and plaintiff appeals therefrom.

The bonds were issued under the provisions of 1 Comp. Laws 1929, § 1186 (Stat. Ann. § 5.521), which at the time of their issuance provided:

"It shall be the duty of the board of supervisors of each county, or the board of county auditors in counties having a board of county auditors, to adjust, allow and authorize the payment of all claims against the particular county, and any claims not adjusted and ordered paid by the said board of supervisors or board of county auditors, as the case

may be, except as provided in this act, shall not be paid. Any claim or any part or portion thereof which may be adjusted or allowed by the board of supervisors or the board of county auditors shall be paid out of the county treasury in the manner provided by general law.''

The bonds contained a provision similar to the statute reading:

''In case the amount available in the drain fund shall be insufficient to pay the principal or interest of this bond when due, the county of Macomb will advance and pay the same out of its general funds, provided such advancement would not cause the total debt of the county to exceed the constitutional limit thereof.''

It is plaintiff's contention that, by virtue of the the above statutory provision, the bonds are a direct and primary obligation of the county, requiring no audit or allowance, and are not a ''claim'' against the county within the meaning of the constitutional requirement (Const. of 1908, art. 8, § 9), citing *Graves* v. *Bliss,* 235 Mich. 364; *Moore* v. *Harrison,* 224 Mich. 512. These cases, however, arose on mandamus proceedings against county treasurers seeking to require such officials to perform a statutory duty relative to payment of funds. The county in such cases was not a party to the suit and the claim asserted was not specifically a claim against the county. Plaintiff in her contention further relies upon the authority of *Greene County* v. *Daniel,* 102 U. S. 187, as stating the rule in such proceedings. In that case, the court had before it a suit upon bonds issued by the county itself, acting through its board, and the county was named as defendant in the action. The court held that the claim was to all intents and purposes audited by the board when the

bonds were issued and that, at the time, the validity and amount of liability were definitely fixed, and warrants on the treasury given, payable at a future date. The proceeding before us is distinguishable from the cited case. In the first place, the county, in the case before us, did not issue the bonds; they were issued by the county drain commissioner. There is also the further condition that the county of Macomb "will advance and pay the same out of its general funds, *provided such advancement would not cause the total debt of the county to exceed the constitutional limit thereof.*" The liability of the county, therefore, is of a secondary nature and conditionally limited. Such circumstances and conditions require the presentation of the claim to the board of supervisors. Plaintiff's remedy, therefore, is by mandamus upon an affirmative showing that the secondary liability of the county has become fixed and can and should be met.

The order of the trial court dismissing plaintiff's cause of action is affirmed, with costs to defendant.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, Chandler, and North, JJ., concurred.