WORTMAN *v.* R. L. COOLSAET CONSTRUCTION CO.

1. PLEADING—AMENDMENT—DISCRETION OF COURT.
   The right to amend a declaration after all proofs have been taken is a matter that rests in the sound discretion of the court.

2. APPEAL AND ERROR—BRIEFS—ABANDONMENT.
   Matter assigned as error which has not been briefed is deemed abandoned.

3. NEGLIGENCE—EXCAVATING APPARATUS—QUESTION FOR TRIER OF FACTS—EVIDENCE.
   In nonjury action by foreman of city's demolition crew in a street-widening project wherein owner of ditch-excavating apparatus, weighing 14 or 15 tons and consisting of a clam bucket attached to a crane set on a caterpillar tractor, was charged with negligence in that entire apparatus was not under control, proper brakes were not applied so as to keep

bucket from swinging and because operator deserted machine causing bucket to strike plaintiff a second time as the apparatus broke through a concrete floor over a concealed basement, negligence, if any, of defendant was a question of fact for the trier of the facts and, under evidence submitted, finding for defendant was not against the clear weight of the evidence.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEGLIGENCE—INTERVENING CAUSE.

Claim that defendant owner of heavy excavating apparatus should have anticipated that it would sink through floors because of its weight, and hence that sinking was not an "intervening" cause as found by trial court, not having been charged in the declaration, may not be urged on appeal.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 7, 1943. (Docket No. 59, Calendar No. 42,039.) Decided April 6, 1943.

Case by Amos Wortman against R. L. Coolsaet Construction Company, a Michigan corporation, for personal injuries sustained when he was struck by excavating apparatus. Judgment for defendant. Plaintiff appeals. Affirmed.

*Eugene G. Donohoe (Joseph Sanders,* of counsel), for plaintiff.

*Mason, Davidson & Mansfield (Carl F. Davidson* and *Henry T. Gage,* of counsel), for defendant.

SHARPE, J. This is an appeal from a judgment of no cause of action. The cause was tried without a jury. On the day in question, plaintiff was in the employ of the city of Detroit as a foreman in charge of a group of men who were demolishing buildings on Michigan avenue in conjunction with the street widening of Michigan avenue.

The defendant company was in charge of excavat-

ing ditches and the laying of gas mains. In performing this work, defendant company used an apparatus set on a caterpillar tractor. A crane extended from the apparatus and to this was attached a clam bucket. The bucket was controlled by cables which were used for the purpose of lifting it up or setting it down. The apparatus weighed between 14 and 15 tons and the bucket weighed between 1,400 and 1,500 pounds. During the time that the bucket was not in use it was kept in an extended position about eight feet from the ground.

At about 11:30 a.m., on October 20, 1937, plaintiff was standing on the sidewalk near where the crane and bucket were being operated. As the entire machine, including the caterpillar tractor, crane and bucket, was being turned from the west to the north so that it faced Michigan avenue, one side of the machine broke through a concrete floor over a concealed basement. When the tractor apparatus partly sank into the basement, the bucket swung and struck plaintiff resulting in some injuries to him.

Plaintiff began the present action for damages and alleged that defendant company was negligent in not having the bucket, machinery and apparatus under control; in not having applied proper brakes so as to keep the bucket from swinging; and because defendant's employee deserted the apparatus and machinery which caused the bucket to strike plaintiff a second time.

At the close of plaintiff's proofs, defendant's counsel made a motion for judgment of no cause of action in favor of defendant company upon the theory that there was no proof that the operator of defendant's apparatus was negligent in its operation at the time of the accident and injury to plaintiff. The trial judge reserved decision on this motion. At the close of all proofs, defendant's counsel re-

newed his motion for a judgment in favor of defendant company. Following this motion plaintiff made a motion for leave to amend his declaration to conform to the proofs to show as a matter of negligence defendant's failure to have some one examine the ground over which the tractor was creeping to ascertain if it could carry the weight of the tractor; to show that the bucket when not in use should have been suspended not to exceed two feet from the ground; and to show that defendant's servants abandoned the tractor.

The trial court denied the motion to amend the declaration because the proposed grounds of negligence were known to plaintiff before the cause was started and because the circuit court rule does not permit amendments to pleadings after the case has been on the pretrial docket. The trial judge entered judgment in favor of defendant company and in his opinion stated as follows:

"I think, as a matter of law, there has been a failure to show here by a preponderance of the evidence, any act of negligence on the part of the defendant company. I think there has been a failure to show, by any convincing evidence, whether they preponderate or not, any act of negligence here which was the proximate cause of the plaintiff's injury."

Plaintiff appeals and in his "reasons and grounds of appeal" states that the trial court abused its discretion in refusing plaintiff leave to amend his declaration to conform to the proofs. The right to amend a declaration after all proofs have been taken is a matter that rests in the sound discretion of the court. It is to be noted that the above question has not been briefed and we must assume that it has been abandoned. See *People* v. *Karamol*, 233 Mich. 670; *Dolby* v. *State Highway Commissioner*, 283

Mich. 609 (117 A. L. R. 538) ; *Arrand* v. *Graham,* 297 Mich. 559 (136 A. L. R. 1206).

It is urged that the trial court was in error in holding that the sinking of the wheels of the caterpillar tractor through the floor was the intervening cause of plaintiff's injury, rather than the negligence of defendant's employee. The negligence relied upon by plaintiff is that when the tractor began to sink, the operator jumped from the crane and did nothing to drop the bucket to the ground. Under the declaration filed in this cause, the defendant company is charged with negligence in the operation of the tractor and crane. There is no charge that the operator of the crane should have examined the ground over which the tractor was to pass. The trial court found as a fact that defendant company was not negligent in the operation of tractor and crane. In our opinion the negligence of defendant company, if any, was a question of fact to be determined by the trier of the facts. A review of the evidence fails to show that the apparatus did not have proper brakes, nor is there any evidence showing that defendant's operator did not have his apparatus under control immediately prior to the moment it started to sink. The finding of fact by the trial court was not against the clear weight of the evidence. See *Yearnd* v. *Northern Insurance Company of New York,* 241 Mich. 413.

The trial court found that the "intervening" cause of the accident was the unexpected sinking of the wheels of the tractor through the floor. Plaintiff urges that such "sinking" should have been anticipated by defendant owing to the weight of the machine and the nature of the ground over which it was passing. Such a claim was not charged in the declaration and it now comes too late. There is evidence to support the finding of the trial court that

the "moving" cause of the accident and injury to plaintiff was the "whip-like action of the caterpillar in dropping first one end and the other through the floor, which made a whip-lash of the cables at the end of the boom."

We cannot say that the trial court was in error in arriving at this conclusion. The judgment is affirmed, with costs to defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.