DETROIT MUNICIPAL EMPLOYEES ASS'N *v.* CITY OF
DETROIT.

1. MUNICIPAL CORPORATIONS—SALARIES OF EMPLOYEES—ORDINANCES.
    A city has the power to reduce the salaries of its employees
    by the adoption of an ordinance.

2. SAME—ADOPTION OF TAX BUDGET—SALARIES OF EMPLOYEES.
    The adoption by a city of a tax budget for its fiscal year does
    not irrevocably devote tax collections thereunder to continuance
    of any particular pay to its employees.

3. SAME—CONSTRUCTION OF ORDINANCES—PAYROLL DEDUCTIONS.
    Title and terms of awkwardly-worded ordinance pertaining to
    salaries of municipal employees are construed as a withholding
    of a portion of their fixed compensation during two-months'
    period covered, rather than an outright reduction in salary for
    such time, especially in view of subsequent resolution adopted
    by the common council authorizing part payment of payroll
    deductions.

4. LIMITATION OF ACTIONS—PART PAYMENT—PAYROLL DEDUCTIONS—
    TOLLING STATUTE.
    Payment of part of payroll deductions theretofore made tolls
    the statute of limitations (3 Comp. Laws 1929, § 13976, as
    amended by Act No. 72, Pub. Acts 1941).

5. MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS FOR PAYROLL
    DEDUCTIONS—WAIVER.
    The cashing of reduced semi-monthly pay checks by city's em-
    ployees constituted no bar to, and the subsequent voluntary
    payment of part of the withheld amount waived or obviated
    the need of, subsequent presentation for the remainder to the
    common council for audit.

6. SAME—RECOVERY OF BALANCE OF PAYROLL DEDUCTIONS—LACHES.
    Delay of less than statutory period from time of part payment
    of sums withheld by city from payrolls of its employees *held,*

as a matter of law, not to constitute laches in actions to recover balance of sums withheld (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

ON REHEARING.

7. SAME—ORDINANCES—CONSTRUCTION—CONSTITUTIONAL LAW.
When it is claimed that an ordinance is unconstitutional, a court must not only read the ordinance but give it a reasonable construction and, if possible, make it harmonize with constitutional provisions.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 14, 1944. (Docket Nos. 51, 52, Calendar Nos. 42,772, 42,773.) Decided September 11, 1944. Submitted on rehearing January 2, 1945. (Docket Nos. 1, 2.) Decided February 20, 1945.

Two separate actions of assumpsit by Detroit Municipal Employees Association, a corporation, against City of Detroit for wages withheld during depression. Cases consolidated for trial and appeal. Directed verdicts and judgments for plaintiff. Defendant appeals. Affirmed. Former holdings affirmed on rehearing.

*Emil Wm. Colombo,* for plaintiff.

*Paul E. Krause* and *William E. Dowling,* Corporation Counsel, and *Clarence E. Page* and *Walter E. Vashak,* Assistants Corporation Counsel, for defendant.

WIEST, J. The Detroit Municipal Employees Association is a nonprofit corporation, formed to promote the general welfare of its members and city employees. The association brought these two actions at law as assignee of 1,584 city employees to recover a deduction from their pay during May and June, 1932, under a city ordinance approved April

20, 1932. The cases were consolidated for trial by jury and at the conclusion of the proofs the court directed a verdict for plaintiff, in one case for $64,272.79, and in the other for $77,619.75. Defendant appeals.

At the time of the adoption of the ordinance, by reason of the then prevalent general depression and inability to collect but a small part of the levied taxes, the city was in financial difficulties and, to relieve the situation to some extent, discharged about 8,000 employees and adopted an ordinance, entitled:

"An ordinance to provide for the payment of one-half of all salaries or compensation of all officers and employees of the city of Detroit during May and June of 1932."

The parts of the ordinance material here provided:

"Section 1. That from and after May 1, 1932, every officer or employee of the city of Detroit (including the department of water supply and all persons whose salary, compensation or per diem pay are included in the city budget) shall contribute to the city of Detroit a sufficient number of days' work each pay period, but without pay therefor, so that the amount of such contribution will equal one-half of his or her salary as reduced by ordinance 146-C entitled 'An ordinance relative to payment of salaries, * * *' and that a like one-half contribution shall be required of all per diem employees of the city not included in said ordinance: Provided, That such contribution shall in no event result in any employee receiving less than $25 per week. Each department head or person making up payrolls shall distribute such contributions as nearly as may be equally over each pay period and in such manner as to details as the controller shall determine.

"Sec. 2. In the event that any elective officer or officer appointed for a term of years shall be en-

titled to full compensation by reason of any constitutional, statutory or charter provision, the controller shall nevertheless recognize any voluntary contribution by such officer on the same percentage as set forth in section 1 hereof, but refusal on the part of any officer to make such contribution and to insist upon his legal rights shall not in any manner invalidate any other provisions of this ordinance but the compensation of any subsequent incumbent of any such office shall be subject to the provisions of this ordinance. In no event shall such officer or employee receive more than his *pro rata* share of tax collections.

"SEC. 3. If any officer or employee of the city of Detroit (except such persons specified in section 2 hereof) shall refuse or fail to make such voluntary contribution of time as specified herein, then this ordinance shall be construed and it is intended as a compulsory reduction of his or her salary or per diem compensation or pay on the basis of the percentages outlined in section 1 hereof.

"SEC. 4. The common council hereby requests that the board of education and board of library commissioners (since the taxpayers supporting same are identical with those of the city of Detroit and whose respective budgets constitute a part of the consolidated municipal budget of $76,029,513.26) each adopt resolutions or ordinances of like effect as this ordinance, to the end that a fair and equal proportionate contribution towards the $4,400,000 deficit may be made by all officers and employees of each municipal corporation."

Appellant contends that the salaries of plaintiff's assignors were subject to reduction during the fiscal year by the action of the common council. If the ordinance provided for a reduction in pay of city employees during the two months mentioned then it was valid. Appellant also claims that the acceptance of moneys by plaintiff's assignors as salary for the months of May and June, 1932, constituted an ac-

ceptance and payment for the service rendered for that period; that the claims sued upon are barred by laches and the statute of limitations; * that the failure of plaintiff's assignors and the plaintiff to present the claims to the common council for audit and allowance as required by the charter bars the actions brought; that the court erred in refusing to submit the question of acquiescence of plaintiff's assignors to the jury for its determination.

The tax budget for the fiscal year involved, even if it included an estimated amount to meet the pay of the then city employees, did not irrevocably devote tax collections thereunder to continuance of any particular pay to plaintiff's assignors. *Brubaker* v. *City of Detroit*, 282 Mich. 309. To decide the cases we must construe the ordinance. The language is awkward. If the purpose was to reduce the pay of city employees during the two months it would have been a simple matter to have so stated and thereby have avoided the idea of contribution toward the mentioned deficit which was occasioned, in part at least, by inability to collect taxes levied to pay these employees at that time.

Under the title and terms of the ordinance we think it a withholding of one-half of fixed compensation of the employees during the two months and this thought is supported by the following resolution, adopted by the common council on April 27, 1937, under an order of business for that day, reading:

"Detroit Municipal Employees Club, Inc., back pay.   *   *   *

"Resolved, That the city controller and city treasurer are hereby authorized and directed to honor payrolls when submitted by the various city departments for one-half of the total sum of each em-

---

* See 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1943 Cum. Supp. § 27.605).—Reporter.

ployee's pay which, in accordance with ordinance entitled, 'An ordinance to provide for the payment of one-half of all salaries or compensation of all officers and employees of the city of Detroit during May and June of 1932,' approved April 30, 1932, and known as ordinance No. 166-C only, was deducted and/or withheld, and/or contributed for the period from May 1, 1932, to June 30, 1932, inclusive; And be it further

"Resolved, That the city controller be and is hereby authorized and directed to transfer the sum of $750,000 from the 1936-1937 contingent reserve account to account No. 42 refund of employee's salary contributions in the general fund, and that this item be repaid from an item appearing in the 1937-1938 budget."

Payments under the mentioned resolution of 1937 tolled the statute of limitations; cashing of reduced semimonthly pay checks by the employees did not constitute any bar; the payment in 1937 of one-half of the claims of plaintiff's assignors waived or obviated need of subsequent presentation for the other half of the same claims to the common council for audit; delay in bringing the actions did not constitute laches.

The trial court was not in error in refusing to submit the question of acquiescence to the jury. The judgments are affirmed, with costs against defendant.

BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred with WIEST, J. NORTH, C. J., and STARR and BOYLES, JJ., concurred in the result.

## ON REHEARING.

WIEST, J. In these cases we granted rehearings on defendant's claim that under the record and issues we went beyond our province in construing the ordinance involved.

The claim of plaintiff that the ordinance was unconstitutional required not only a reading of the ordinance by the court but also a reasonable construction of its provisions.

As stated in *People* v. *Zerillo,* 219 Mich. 635, 641 (24 A. L. R. 1115), "It is our duty, if possible, to so construe the act (legislative) in question as to make it harmonize with constitutional provisions."

We said in our former opinion, "To decide the cases we must construe the ordinance. The language is awkward."

Construction of the ordinance was before the court when the cases were first submitted. The rehearings have been had and we find no occasion to depart from our former holdings. Our former holdings are affirmed, with costs to plaintiffs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.