## THAL v. CITY OF DETROIT.

MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS FOR PAYROLL
DEDUCTIONS—WAIVER.
  The cashing of reduced semi-monthly pay checks by city's em-
  ployees constituted no bar to, and the subsequent voluntary
  payment of part of the withheld amount waived, or obviated
  the need of, subsequent presentation for the remainder to the
  common council for audit and allowance (Detroit Charter,
  title 6, chap. 7, §'11).

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted October 17, 1946. (Docket No. 67, Calendar
No. 43,517.) Decided January 6, 1947.

Assumpsit by Ed Thal and others, assignees of
certain employees of the City of Detroit, against
City of Detroit for wages withheld during depres-
sion. Judgment for plaintiffs. Defendant appeals.
Affirmed.

*Edward N. Barnard,* for plaintiffs.

*William E. Dowling,* Corporation Counsel, and
*Clarence E. Page,* Assistant Corporation Counsel,
for defendant.

BUSHNELL, J. Plaintiffs are assignees of certain
persons who were employed in the fire department,
the department of public works, and various other
departments of the city of Detroit during the year
1932.

The common council of the city of Detroit, confronted with an economic depression which had retarded and reduced the collection of taxes, deemed it necessary to curtail the expenditures of the city. By an ordinance, (166-C, approved April 30, 1932, and effective May 2, 1932) the employees of the city were required to contribute, without pay, a sufficient number of days' work during each pay period, so that the amount of such contribution would equal one-half of the salary of each employee in the months of May and June, 1932. One-half of such salaries were withheld, but upon subsequent collection of delinquent taxes the city, on May 12, 1937, paid to the plaintiffs' assignors, and all other employees affected by the ordinance, one-half of the moneys that had been retained.

On May 11, 1943, plaintiffs, as assignees, instituted an action at law to recover the sum of $90,852.38, computed as follows:

"Total principal for firemen, including Ballantine * .............. $40,968.62
Interest 6/8/32 to 1/14/46, including Ballantine * ................... 27,910.97
Interest on like amount 6/8/32 to 5/12/37, including Ballantine * .. 10,113.69
Total principal for other city employees ....................... 6,127.31

Interest 6/8/32 to 1/14/46
Interest on like amount 6/8/32 to 5/12/37                          } 5,731.79

Total for which judgment is claimed ..................... $90,852.38
Total principal for firemen .... 40,968.62
Total interest firemen .......... 38,024.66
    Total ..................... $78,993.28

---

* Ballantine's claim and his assignment thereof were considered to be typical of all other claims and assignments.

Total principal, other employees. .     6,127.31
Total interest, other employees. .      5,731.79
                                      $11,859.10

Total principal, all employees . . .   47,095.93
Total interest, all employees . . . .  -43,756.45
     Total for which judgment is
          claimed : . . . . . . . . . . . . . . . . . . . $90,852.38''·

Plaintiffs' claims were thus threefold in nature: (1) one-fourth of the salary of plaintiffs' assignors for the months of May and June, 1932; (2) interest on such amounts from June 8, 1932, to the date of judgment, January 15, 1946; (3) interest from June 8, 1932, to May 12, 1937, upon one-fourth of such employees' salaries for the months of May and June, 1932, which had been paid to plaintiffs' assignors.

Defendant city admits in its brief that on June 26, 1945, payment of the remaining withheld salaries, without interest, was authorized and subsequently tendered in the form of a warrant upon the treasurer of the city. The following release was indorsed thereon:

"In consideration of the within payment, the undersigned hereby releases and waives any and all causes of action for loss or damages for deductions from salary or compensation in the calendar year 1932 to 1936, both inclusive, which may have accrued prior to the indorsement of this check."

Plaintiffs' assignors refused to accept payment under these conditions.

The questions submitted to the circuit court of Wayne county were with respect to interest, the principal amount of salary withheld not being in dispute, and the failure of plaintiffs or their assignors to present their claims to the common council for audit and allowance. The city insisted that non-compliance with the requirements of the

charter of the city of Detroit (Title 6, chap. 7, § 11 charter of the City of Detroit), was an effectual bar to plaintiffs' cause of action.

The trial judge sitting without a jury, after hearing proofs and considering the arguments of counsel, held against defendant city on all the questions submitted, and a judgment was entered in favor of plaintiffs in the sum of $90,852.38 on January 15, 1946.

In *Detroit Municipal Employees Ass'n* v. *City of Detroit,* 310 Mich. 480, a similar problem was considered regarding the necessity of presenting claims to the common council as a condition precedent to maintaining an action thereon. In that case the Court said:

"The payment in 1937 of one-half of the claims of plaintiff's assignors waived or obviated need of subsequent presentation for the other half of the same claims to the common council for audit."

Decision there is controlling and neither plaintiffs nor their assignors were required to present their claims for audit or allowance.

Other questions presented in the instant appeal are controlled by our decision in the companion case involving employees of the board of education, decided on December 2, 1946. See *Thal* v. *Detroit Board of Education, ante,* 351.

The judgment is affirmed, with costs to appellees.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.