GERWECK v. MONROE COUNTY TREASURER.

1. LIMITATION OF ACTIONS—DRAIN ORDERS—PUBLIC CORPORATIONS.
   Drain orders, although not specifically mentioned as obligations affected by amendment of statute of limitations extending period of recovery on obligations of public corporations *held,* to be choses in action of the character intended by the legislature to come within the extended period (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

2. SAME—PUBLIC CORPORATIONS—CONSTRUCTION OF STATUTES.
   An amendment of the statute of limitations extending the period within which recovery might be obtained on obligations of

public corporations being regarded as remedial legislation is entitled to liberal construction (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

3. Mandamus—Laches—Statute of Limitations—Drain Orders.

While the action of mandamus is not specifically referred to in the general statute of limitations, the doctrine of laches is applied therein by analogy to bar recovery on drain orders due previous to period within which recovery was allowed by general statute of limitations before mandamus proceeding was commenced (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

4. Same—Drain Orders—Payment of Interest—Laches.

Payment of interest to date, taking up original drain order and issuing an obligation designated as a due bill did not change the character of the obligation, the legal effect being to indorse payment of interest on the obligation, hence recovery by mandamus to compel payment was barred by application of doctrine of laches where such proceeding was not timely commenced but since statute would have been tolled by such payments, recovery might be allowable where proceeding had been timely commenced (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

5. Same—Drain Orders—Addition of Interest to Principal—Issuance of Duplicate.

The addition of interest to an original drain order and issuance of a duplicate for the total of principal and accrued interest, not being authorized by statute, did not change the status of the original order and where mandamus to compel payment was not timely commenced, the doctrine of laches barred recovery.

6. Same—Drain Orders—Fraud—Indorsements.

Mandamus to compel payment of drain orders was properly refused as to such orders as had been fraudulently issued and which bore forged indorsements of the payees named therein.

7. Drains—Right of Way—Damages—Authority.

Where property owner's release of right of way for drain included release of all claims for damages, payment of drain orders for damages was properly refused since such orders were unauthorized.

8. Same—Drain Orders in Excess of Contract Price or Assessments—Records.

Recovery on drain orders was not barred by reason of claim that total orders issued exceeded the contract price or assess-

ment made where incomplete records of the drain proceedings do not justify conclusion that such orders were fraudulent or were mere nullities.

9. SAME—DUE BILLS—OUTSTANDING DRAIN ORDER—PARTIES.
   Recovery was properly denied on due bill, issued in lieu of an original drain order that was outstanding in the hands of an owner not a party to instant mandamus proceeding.

10. SAME—CERTIFICATE OF SURVEYOR OR ENGINEER—CLEANING DRAINS.
    In view of statute specifically requiring a surveyor's or an engineer's certificate of inspection before issuance of drain order for payment for construction of a drain, drain order was properly issued by county drain commissioner without such certificate where work done was for cleaning drains and was certified by the commissioner as having been completed and accepted by him (1 Comp. Laws 1929, § 4915).

11. MANDAMUS—PAYMENT OF DRAIN ORDERS.
    Where no valid objection is shown to payment of drain orders and mandamus is sought to compel payment thereof, order requiring payment is ordered entered.

12. DRAINS—AMENDMENT OF STATUTE—IMPAIRMENT OF CONTRACTS.
    An amendment of the drain law cannot be construed so as to take from the holder of a drain order previously issued the right to require payment under the statute as it stood at time order was issued as such right was an incident of a chose in action and could not be taken away without impairing the obligation thereof (1 Comp. Laws 1929, § 4618, as amended by Act No. 216, Pub. Acts 1933).

13. DRAINS—TAX DELINQUENCY—COUNTY GENERAL FUND.
    Where drain fund is insufficient to pay drain orders properly issued against it and if taxes upon lands in the assessment district have not been paid and lands have been offered for sale and statute at time drain orders were issued then required payment by county out of its general fund, the county's general fund would be liable for payment of such orders in excess of the amount remaining in the respective drain funds irrespective of possibility of reimbursement of such general fund (1 Comp. Laws 1929, § 4918).

14. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABANDONMENT—WAIVER.
    Questions raised by an appellant in his assignments of error, but not argued in his brief, will be considered as abandoned or waived.

15. Costs—Public Question—Failure of Either Party to Fully
Prevail.

   Where neither plaintiff, suing to compel payment of drain orders,
      nor defendant county officers fully prevail on appeal and
      question involved is one of public interest, no costs are al-
      lowed.

Appeal from Monroe; Golden (Clayton C.), J.
Submitted October 8, 1946. (Calendar No. 43,184.)
Decided April 8, 1947.

Mandamus by Lee Gerweck, individually and as
assignee, against Anton W. Munch, Monroe County
Treasurer, and others to compel payment of drain
orders. Mandamus granted as to 32 of the orders.
Plaintiff appeals. Order set aside and cause re-
manded for entry of order conforming to opinion.

*William H. Fallon,* for plaintiff.

*Foster D. Luse,* Prosecuting Attorney, and *Miller,
Canfield, Paddock & Stone,* for defendants.

Carr, C. J. Plaintiff brought suit in the circuit
court, seeking a writ of mandamus to compel the
payment of 123 drain orders and due bills issued by
a former drain commissioner of Monroe county.
The petition for the writ alleged that all of the
choses in action involved were past due and unpaid,
that payment thereof had been refused, and that the
owners had executed an assignment to plaintiff, a
copy of which was attached to the petition. Plain-
tiff further claimed that payment should be required
out of the funds of the particular drains against
which orders or due bills were issued, or, if such
funds were not sufficient, out of the general fund of
the county.

The answer admitted execution of the various obligations referred to in the petition, that the same were past due, and that payment had been refused. Defendants also pleaded that recovery on many of the instruments in question was barred because of lapse of time between the due dates and the starting of the suit, September 8, 1943, and further that certain of the orders and due bills were illegal and void for various reasons. Defendants also denied that mandamus was a proper remedy.

Following the hearing in the trial court an order was entered requiring the payment of 32 of the orders and due bills, such payment to be made out of the funds of the respective drains, if sufficient. The order further recited that plaintiff had not established a clear right to the payment of the other drain orders involved. From such order plaintiff has appealed.

The printed record contains a stipulation, filed June 21, 1946, from which it appears that 22 drain orders and due bills have been paid, three of which, referred to as exhibits 51, 52 and 97, were not included among the obligations of which the order of the trial court required payment. Said stipulation lists by reference to exhibit numbers, the various obligations as to which questions are raised on this appeal, designating in each instance the order number, the drain, the amount of each order or due bill, the due date, the amount remaining in the fund of the drain on which the order was drawn, if there was a balance, and also the amount of the drain taxes that were delinquent, if any. The stipulation further refers to the withdrawal by plaintiff of exhibits 23 and 118, and recites that exhibits 29, 48, 49, 68, 70, 71, 80, 106, 107, 109, 110, and 117, are not in dispute, but that money for the payment thereof was not available in the various drain funds against

which the exhibits were drawn and defendants denied any obligation to pay out of the general fund of the county. It may also be noted that the order of the trial court directed payment of exhibit 122, which exhibit is not referred to in the stipulation. For convenience the various orders and due bills involved in the case are referred to by their respective exhibit numbers as contained in the stipulation of the parties.

On the hearing in the circuit court 38 of the exhibits which had matured prior to May 12, 1931, were excluded from evidence. This action was based on 3 Comp. Laws 1929, § 13976, subdivision 7, as last amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 13976, Stat. Ann. 1946 Cum. Supp. § 27.605), which reads as follows:

"7. Actions upon bonds, notes or other like instruments which are the direct or indirect obligation of, or which were issued by (although not the obligation of), the State of Michigan or any county, city, village, township, school district, special assessment district, or other public or quasi-public corporation, in the State of Michigan, may be brought within 10 years after the respective causes of action accrue, but not afterwards: Provided, That actions may be brought upon any such bonds, notes or other like instruments which matured prior to October 1, 1933, but subsequent to a date 10 years preceding the effective date of this amendment, at any time prior to October 1, 1943, and upon those which matured on or after October 1, 1933, within the 10-year period above provided."

The act of 1941 was approved May 12th of that year and was given immediate effect. While drain orders are not specifically enumerated in the statute they are choses in action of such general character as to be within its provisions. The amendment made by the addition of subdivision 7 to the section

cited, may properly be regarded as remedial legislation and as such is entitled to liberal construction. Quite obviously, it was the intention of the legislature to extend from 6 to 10 years the period of time within which the owners of obligations of the character in question might institute proceedings for recovery.

Plaintiff contends that the statute does not apply to mandamus actions. While such actions are not specifically referred to, the doctrine of laches is applied therein by analogy. Generally speaking, the lapse of such period of time as would render the applicable statute of limitations a bar to recovery will constitute laches in the absence of exceptional circumstances. *McRae* v. *Auditor General,* 146 Mich. 594 (10 Ann. Cas. 594); *McDermott* v. *Alger,* 186 Mich. 278; *Kaminski* v. *Wayne County Board of Auditors,* 287 Mich. 62. In the case at bar there is no showing of any circumstances precluding the owners of the obligations in question from instituting proceedings for recovery of the amounts due. It must be said, therefore, that laches barred the relief sought as to the specific orders excluded by the trial court. It follows that the ruling in question was correct. It also appears that exhibits 8 and 16 were due prior to May 12, 1931. In consequence, plaintiff was not entitled to recover on either.

It appears from the testimony of the defendant county treasurer that when an order was presented for payment, and there was not enough money in the drain fund to permit payment in full, the interest to date was paid, if possible, and a due bill issued for the balance. If no payment on interest was made on such presentation no due bill was issued. Several of the exhibits involved in the case were in the form of due bills issued prior to May 12, 1931. Obviously, taking up the order and issuing an obligation designated as a due bill did not change the

character of the obligation. The legal effect was the same as though the payment of the interest had been merely indorsed on the order. It follows that the due bills were subject to the same considerations as were the orders and that the application of the doctrine of laches barred recovery on the instruments in question, referred to in the record as exhibits 2, 7, 11, 12, 20, 30, 31, 32, 72, 73, 74, 75, 76, and 91. However, four other due bills were issued after May 12, 1931. The conclusion follows that payments of interest were made on the orders for which the due bills were substituted, within the time fixed by the statute for bringing actions, although the orders themselves were, in each instance, issued prior to May 12, 1931. In accordance with the general rule such payments tolled the statute. *Brown v. Hayes,* 146 Mich. 474; *Rice v. Darby,* 222 Mich. 174; *Detroit Municipal Employees Ass'n v. City of Detroit,* 310 Mich. 480. It follows that recovery on the due bills referred to, exhibits 10, 28, 43, and 119a, was not barred by laches.

Eight of the exhibits introduced in evidence by plaintiff were duplicates of orders that were due prior to May 12, 1931. The record does not indicate that any payments were made on such orders at the time of the issuance of the duplicates. Rather, interest was computed in each instance from the date of issuance and added to the principal. Our attention is not called to any provision of the statute authorizing such action on the part of the drain commissioner and the record contains no explanation therefor. It must be held to have been unauthorized. The status of the original orders was not changed thereby and, in consequence, laches barred recovery. This applied to exhibits 55, 56, 57, 62, 64, 65, 66, and 69.

Defendants objected to exhibits 81, 82, 84, 85, 86, 87, 88, and 89, on the ground that they were fraud-

ulently issued and that they bore forged indorsements of the payees named therein. In support of such claim the testimony of a handwriting expert was offered. It appears that these orders were sold by the drain commissioner to the present owner, who assigned them to plaintiff for the purposes of this suit. The claim of defendants is clearly supported by the evidence, and the conclusion necessarily follows that the trial court was correct in denying the writ of mandamus as to such orders. See *People, for use of Lapeer County Bank,* v. *O'Connell,* 214 Mich. 410.

Exhibits 77 and 78 were issued under date of March 5, 1931, payable April 15, 1932, to the Waterloo Ice Company. In terms each order was given for damages. It appears, however, that the property owner named as payee in the orders, released the right of way for the drain, including "all claims to damages in any way arising from or incident to the opening and maintaining of said drain across said premises." The conclusion follows that the exhibits were unauthorized and payment thereof was properly denied.

Defendants also objected to four orders, exhibits 50, 53, 62, and 98, on the ground that the total amount of the orders issued in each of the drain proceedings involved exceeded the contract price, and to exhibits 10, 28, 50, 53, 61, and 91, because the aggregate of the orders in each proceeding exceeded the total assessment made. The proofs offered in support of the objection were, as appears from the record, somewhat limited. Apparently the drain commissioner did not keep as complete and accurate records of his proceedings as are contemplated by pertinent provisions of the statutes relating to the construction of drains. We think that the evidence produced on the hearing before the trial court was not sufficient to justify the conclusion that the ex-

hibits in question were fraudulent, or that they were mere nullities. See *Graves* v. *Bliss*, 235 Mich. 364, certiorari denied, 273 U. S. 724 (47 Sup. Ct. 113, 71 L. Ed. 859). However, recovery on exhibits 62 and 91 was, as above pointed out, barred by laches. The trial court properly denied relief as to exhibit 28, it appearing that it was a due bill issued in lieu of an original order that was outstanding in the hands of an owner not a party to this suit. *Brownell* v. *Board of Supervisors of Gratiot County,* 49 Mich. 414.

Defendants also objected to exhibits 50 and 61D on the ground that no engineer's certificates were filed as required in certain cases by 1 Comp. Laws 1929, § 4915 (Stat. Ann. § 11.79). Said section reads in part as follows:

"No warrant or drain order for the payment of any part of such drain contract shall be drawn until said work has been inspected and approved as herein provided. The commissioner may inspect and approve any tile or open drain, or he may designate any competent surveyor or engineer to make such inspection: Provided, That on all drains where a dredge is used in such construction the commissioner shall designate a competent surveyor or engineer to make such inspection. * * * It shall be unlawful for the commissioner to issue warrants or orders on the fund of any drain exceeding four-fifths of the amount earned on any contract until after the certificate of inspection and the order of approval is entered as herein provided."

Exhibit 50 was issued January 23, 1935, payable out of any moneys in the hands of the treasurer of the county belonging to the Loranger drain, and purporting to have been given for "dredging from Monroe St. to Outlet." The exhibit also contained a certification by the drain commissioner that the work for which the order was given had been completed and accepted by him. The records in the

office of the drain commissioner indicate the order was issued for cleaning the drain rather than for construction work under the contract. Likewise, exhibit 61D, dated August 30, 1932, shows that it was for cleaning, with a dredge, the Otter Creek drain. Under the proofs it cannot be said that either exhibit was actually issued in violation of the provisions of the statute above quoted. The conclusion follows that defendants' objections were not well founded.

A careful examination of the record discloses that there were no valid objections to recovery on exhibits 26, 67D, 83, 94, and 113. The order of the trial court should have required the payment of these exhibits, and, for the reasons above stated, of exhibits 10, 43, 50, 53, 61D, 98, and 119A, in addition to the various exhibits specifically set forth in said order.

This brings us to the question whether any of the exhibits were shown to be payable out of the general fund of the county. Section 4918, 1 Comp. Laws 1929, as it read when most of the exhibits involved in this case were issued, contained the following proviso:

"Provided further, That the holder of such order issued subsequent to August 18, 1921, may if he so desires have the right to require payment thereof out of any moneys in the general fund of the county treasury that may be available. If the drain fund is insufficient for such purpose because of delinquency in the payment of drain taxes after the lands on which the said taxes shall have become delinquent have been offered for sale, in any such case where payment is made by the county treasurer out of the general fund and all delinquent drain taxes received by said treasurer thereafter shall be credited to the general fund until the same is reimbursed."

Said section was amended by Act No. 216, Pub.
Acts 1933,* in such manner as to transfer to the
county drain commissioner the right to require pay-
ment out of the general fund of the county. In the
instant case it does not appear that the drain com-
missioner made any such requirement as to orders
issued by him subsequent to October 17, 1933, the
effective date of the amendment. Such amendment
cannot be construed as taking from the holder of an
order previously issued the right to require pay-
ment under the statute as it was at the time such
order was issued. Such right was an incident of a
chose in action and could not be taken away without
impairing the obligation thereof. *McGavock* v.
*Ducharme,* 192 Mich. 98; *City of Highland Park*
v. *Dearborn Township,* 285 Mich. 440; *Spitzer* v.
*Brown,* 305 Mich. 455 (146 A. L. R. 1096). We are
concerned, therefore, with the construction of the
provision, above quoted, in section 4918. In *Graves*
v. *Bliss, supra,* this Court called attention to the
punctuation in the proviso. It was there conceded
by the parties to the cause that said proviso was
intended to read as it appeared in Act No. 64, Pub.
Acts 1921. There a comma appeared after the word
"available" and a period after the word "sale."
We think the interpretation accepted in *Graves* v.
*Bliss, supra,* was correct, and that in accordance
therewith payment out of the general fund of the
county may be required only if money in such fund
is available for the payment, if the drain fund is
insufficient, if taxes upon lands in the assessment
district have not been paid, and if lands, assessed
for benefits, have been offered for sale to satisfy
delinquent taxes. In the case at bar it is conceded
by counsel for defendants in their brief that in those

---

* See Comp. Laws' Supp. 1940, § 4918, Stat. Ann. § 11.82.—RE-
PORTER.

instances in which the stipulation before referred to indicates a delinquency in tax collections the lands on which the delinquent taxes were assessed have been offered for sale. This applies to exhibits 61D, 98, 113 and 119A, all of which were issued prior to October 17, 1933. No similar showing is made as to other exhibits involved in the case. The extent of liability on the part of the county is not limited by the amount of possible reimbursement. See *Graves v. Bliss, supra,* cited in *City of Highland Park v. Oakland County Drain Comr.,* 312 Mich. 407, 418. The record indicates that money in the general fund is available for the payment of the four exhibits mentioned. The order to be entered will require payment accordingly, recourse being first had to moneys, if any, in the drain funds against which the exhibits were drawn.

The conclusions reached with reference to the various orders and due bills involved in the case render it unnecessary to consider other matters discussed by counsel in their briefs. Questions raised by appellant in his assignments of error, but not argued in his brief, will be considered as abandoned or waived. *Sykes v. City of Battle Creek,* 288 Mich. 660; *Wortman v. R. L. Coolsaet Construction Co.,* 305 Mich. 176.

The order of the trial court is set aside and the cause remanded for entry of an order conforming with this opinion. Neither plaintiff nor defendants having fully prevailed on this appeal, and questions of public interest being involved, no costs are allowed.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.